UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES DOUD and MELODIE DOUD,<br><br>                              Plaintiffs,<br><br>v.<br><br>YELLOW CAB OF RENO, INC.<br><br>                              Defendant. | 3:13-cv-00664-WGC<br><br>**ORDER**<br><br>Re: Doc. # 32 |

Before the court is the Motion for Attorneys' Fees filed by Plaintiffs James and Melodie Doud (the Douds). (Doc. # 32.)[1] Defendant Yellow Cab of Reno, Inc. (Yellow Cab) filed a response (Doc. # 37) and the Douds filed a reply (Doc. # 40). The court heard oral argument on the motion on December 18, 2014. (*See* Minutes at Doc. # 59.) For the reasons set forth below, the Douds' motion is granted; however, the precise amount of attorneys' fees and costs the Douds will be awarded will be the subject of a separate order.[2]

## I. BACKGROUND

**A. Complaint**

The Douds filed their Complaint on December 4, 2013, asserting claims under Title III of the Americans With Disabilities Act (ADA) (James and Melodie Doud), associational

---

[1] Refers to court's docket number.

[2] As will be discuss, *infra,* the court's determination that the Douds' are entitled to an interim award of attorneys' fees and costs is dependent on the court's order granting the Douds' summary judgment as to their first cause of action that Yellow Cab violated Title III of the ADA. The parties requested that the court address this motion for interim fees, as well as the Douds' motion for partial summary judgment as to the denial of service (Doc. # 21 and the Douds' motion for partial summary judgment as to Yellow Cab's twenty-fifth affirmative defense (Doc. # 31) prior to their March 5, 2015 settlement conference. The court endeavored to meet this request; however, due to time constraints, the court was unable to issue a complete order addressing the precise amount of attorneys' fees and costs to which they are entitled. The parties can proceed to the settlement conference with the benefit of the order on the motion related to the denial of service, and consequent decision that the Douds' are entitled to an award of interim fees and costs, but will have to wait for an order addressing the amount of those fees and costs.

1   discrimination under Title I of the ADA related to James Doud's termination from his job (James
2   Doud), retaliation under Title I of the ADA (James Doud), as well as claims under Nevada
3   Revised Statutes sections 706.361, *et. seq.* (Melodie Doud) and 706.366 (Melodie and James
4   Doud), Nevada's statutes regulating motor carriers and pertaining to the rights of persons with
5   service dogs, and a State law claim for tortious failure to furnish facilities (Melodie and James
6   Doud). (Compl., Doc. # 1.)

7   Specifically, the Complaint alleges that Melodie Doud is an amputee with one leg, is
8   considered disabled for purposes of the ADA, and is married to James Doud. (Doc. # 1 at 2 ¶¶ 5-
9   6.) Her disability requires that she utilize a portable electric scooter and crutch for mobility, and
10  is frequently accompanied by her two service dogs. (*Id.* at 3 ¶ 11.) She avers that the scooter is
11  small and comparatively light; can be disassembled quickly and easily without tools, and is made
12  up of five individual components, none of which weighs more than thirty-six pounds; and readily
13  fits into the trunk of any standard passenger vehicle when disassembled. (*Id.*) James Doud
14  alleges that he was a long-term employee (and not independent contractor)[3] of Yellow Cab. (*Id.* ¶
15  12.)

16  The Douds allege that they were denied transportation by two Yellow Cab taxis at the
17  Reno airport on April 9, 2013, and again on May 20, 2013, because of Melodie Doud's disability.
18  They complained to Yellow Cab, but got no response. They claim that Yellow Cab does not train
19  its drivers on complying with laws applicable to those with disabilities. James Doud contends
20  that he was terminated from his employment with Yellow Cab on May 26, 2013, because of his
21  complaints that Yellow Cab refused to transport the Douds on the basis of Melodie Doud's
22  disability. They filed a complaint with the Nevada Transportation Authority (NTA), who issued

---

[3] James Doud's status within Yellow Cab—whether he was an employee or independent contractor—is the subject of a pending motion for partial summary judgment filed by the Douds. (Doc. # 31.) The court considered the extensive arguments raised in the parties' briefing and recently had a status conference concerning this motion. The motion raised what appears to be an issue of first impression in Nevada; therefore, the court advised the parties that it was inclined to certify to the Nevada Supreme Court the question of whether Chapter 706 of the Nevada Revised Statutes was intended to supplant the traditional common law criteria for determining independent contractor versus employee status. (*See* Minutes of February 24, 2015 at Doc. # 68.) The parties agreed that the court should defer certifying the question until after the scheduled March 5, 2015 settlement conference.

a citation to Yellow Cab for violation of Nevada Administrative Code (NAC) 706.365 (later amended to reflect a violation of Nevada Revised Statute (NRS) 706.361) and a subsequent citation under NRS 701.366. A hearing was held, and the NTA confirmed that one or more Yellow Cab drivers denied transportation services to a person with a disability, the drivers' actions violated NRS 706.361(1), (4).

**B. Motion for Preliminary Injunction**

The Douds filed a motion for preliminary injunction on March 19, 2014 related to their claim under Title III of the ADA. (Doc. # 9.) Yellow Cab filed its response on June 9, 2014. (Doc. # 22.) The Douds filed their reply on June 16, 2014. (Doc. # 25.)

In the interim, on April 16, 2014, the parties participated in an early neutral evaluation before Magistrate Judge Valerie P. Cooke, but were unsuccessful in their efforts to reach a settlement. (*See* Doc. # 13.)

On August 28, 2014, United States District Judge Miranda M. Du entered an order granting Plaintiff's motion. (Doc. # 30.) Judge Du ordered that pending resolution of the case, Yellow Cab must not refuse to transport the Douds on the basis of Melodie Doud's disability, and must provide the Douds with taxi services on the same terms and conditions as any other passenger; if, however, any portion of Melodie Doud's scooter is too heavy to lift, Yellow Cab's drivers need not lift it. (*Id*. at 15.) Judge Du also ordered that Yellow Cab incorporate its existing driver training that the Douds may ride in standard Yellow taxis into. (*Id*.)

**C. Motions for Partial Summary Judgment**

On May 28, 2014, the Douds filed a Motion for Partial Summary Judgment. (Doc. # 21.) Yellow Cab filed its reply on June 30, 2014. (Doc. # 26.) The Douds filed their reply on July 10, 2014. (Doc. # 27.) This motion argues that the Douds are entitled to summary judgment as to liability only on their First, Fourth and Sixth causes of action related to the denial of service in Yellow Cab's taxis. (Doc. # 20.) In the motion, the Douds contend that there are no material facts in dispute and the NTA already resolved all issues of fact and law in a parallel state administrative proceeding. (Doc. # 21.)[4]

---

[4] As will be discussed, *infra*, the court has concurrently issued an order granting this motion as to the first

On September 1, 2014, the Douds filed another Motion for Partial Summary Judgment which is also still pending before the court. (Doc. # 31.) This motion seeks summary judgment as to Defendants' twenty-fifth affirmative defense, which asserts that James Doud was an independent contractor and not an employee; and therefore, is excluded from the ADA's protections. (*Id*.) The Douds argue that regardless of nomenclature, based on Yellow Cab's practices, James Doud was an employee. Yellow Cab filed a response (Doc. # 38) and the Douds filed a reply (Doc. # 42).[5]

**D. Motion for Interim Attorneys' Fees**

On September 10, 2014, the Douds filed the instant Motion for Interim Attorneys' Fees. (Doc. # 32.) The Douds seek to recover an interim award of attorneys' fees and costs under the ADA based on the fact that their motion for preliminary injunction was granted. The Douds specific arguments and Yellow Cab's response will be discussed in detail below.

**E. Appeal**

On September 29, 2014, Yellow Cab filed a notice of appeal as to the order granting the Douds' motion for preliminary injunction. (Doc. # 36.)

**F. Short Trial Request and Consent**

On November 21, 2014, the parties agreed to enter into the court's Short Trial program. (Doc. # 49.) Judge Du approved the request, and the parties consented to the undersigned being assigned this case for all purposes. (*See* Docs. # 51, # 52, # 53.)

**G. Order on Motion for Partial Summary Judgment Re: Service Issues**

The court has concurrently issued an order granting the Douds' motion for partial summary judgment with respect to their first cause of action under Title III of the ADA, and denied the motion as to the State law claims in their fourth and sixth causes of action.

///

///

---

cause of action under Title III of the ADA, and denying it as to the fourth and sixth causes of action.

[5] As indicated, *supra* at n. 3, the court has deferred ruling on this motion pending a determination of whether to certify a question to the Nevada Supreme Court if the parties' March 5, 2015 settlement conference is unsuccessful.

## II. DISCUSSION

**A. The Douds' Argument**

The Douds assert that they are entitled to an award of attorney's fees and costs as a "prevailing party" under the ADA. (Doc. # 32.) The Douds acknowledge that to qualify as a "prevailing party" they must achieve a judicially sanctioned material alteration of the legal relationship between the parties. (*Id*. at 4-5.) They contend that there was a judicially sanctioned material alteration in the relationship between the parties when Judge Du granted their motion for a preliminary injunction, ordering that Yellow Cab's drivers not refuse to transport the Douds on the basis of Melodie Doud's disability pending resolution of this case. (*Id*. at 5-6, relying on *Tracy v. County of Riverside*, 300 F.3d 1092, 1093 (9th Cir. 2002); *Cabonell v. I.N.S.*, 429 F.3d 894, 899, 900-01 (9th Cir. 2005), and *Richard S. v. Dep't of Dev. Servs.*, 317 F.3d 1080, 1088 (9th Cir. 2003)). The Douds further argue that the court has authority to make an immediate award of fees and costs. (Doc. # 32 at 6-9, relying on *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 719 (1974); *Rosenfeld v. United States of America*, 859 F.2d 717 (9th Cir. 1988); *Meylor v. Secretary of Health and Human Services*, No. 10-771V, United States Court of Federal Claims (Mar. 21, 2014); *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980); *Texas State Teachers v. Garland Indep. School Dist.*, 489 U.S. 782, 790 (1989); and *Mantolete v. Bolger*, 791 F.2d 784, 787 (9th Cir. 1986).)

Next, the Douds address the lodestar figure discussed in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (the number of hours expended multiplied by a reasonable hourly rate), in the context of the factors espoused in *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975)). (Doc. # 32 at 9-20.) The Douds' attorneys, Ms. Keyser-Cooper and Ms. Vaillancourt, request hourly rates of $400 and $350, respectively. (*Id*. at 14.) They assert that they jointly spent 338.2 hours for which they are entitled to recover fees (their time spent was reduced by 30% to account for time spent on the Title I claims, *see* Doc. # 32 at 19 n. 13), for a total requested award of attorneys' fees in the amount of $130,213 (this figure takes account for a reduced hourly rate for those items categorized as administrative in nature). (*Id.* at 18-20.) The time spent has been divided into the following categories: (1) Category A-settlement efforts-Keyser Cooper

1  (14.8 hours), Vaillancourt (19.1 hours); (2) Category B-complaint-Keyser-Cooper (15.4 hours),
2  Vaillancourt (2.7 hours); (3) Category C-case investigation-Keyser-Cooper (17.85 hours),
3  Vaillancourt (4.2 hours); (4) Category D-client contact-Keyser Cooper (19.90 hours),
4  Vaillancourt (3.7 hours); (5) Category E-legal research and motion practice-Keyser-Cooper
5  (182.45 hours), Vaillancourt (39.1 hours); (6) Category F-other-Keyser-Cooper (10.65 hours),
6  Vaillancourt (3.7 hours); and (7) Category G-administrative matters-Keyser-Cooper (1.85 hours),
7  Vaillancourt (1.85 hours). (*Id*. at 18-20.) The Douds then set forth the amount of litigation costs
8  they contend they are entitled to recover, which total $1,127.01. (*Id*. at 21-22.)

9  **B. Yellow Cab's Response[6]**

10  First, Yellow Cab argues that the Douds are not a "prevailing party" as a result of the
11  order granting the motion for preliminary injunction because they have failed to establish a
12  change in the legal relationship between the parties as a result of that order. (Doc. # 37 at 3-5.)
13  Yellow Cab contends that the order did not force it to do something it would not otherwise have
14  had to do; rather, it re-affirmed what Yellow Cab already does. (*Id*. at 4.) Yellow Cab asserts that
15  Judge Du failed to take into account Mr. Parvez's testimony that he did not know the scooter
16  could be disassembled, and that he did offer to take the Douds if they took responsibility for
17  loading the scooter into the vehicle. (*Id*.) Thus, Yellow Cab maintains that Mr. Parvez acted
18  consistently with Judge Du's order that Yellow Cab provide service to the Douds, but that he is
19  not required to load the scooter if he is concerned about hurting himself. (*Id*.) Yellow Cab further
20  points out that evidence was presented that other than these two alleged incidents involving
21  Mr. Parvez, the Douds had no other issue with Yellow Cab providing service to them; therefore,
22  they need not change their policy other than informing their drivers specifically that they must
23  provide transportation to the Douds in the future. (*Id*. at 4-5.)

24  Yellow Cab argues, in the alternative, that if the court determines the Douds are a
25  "prevailing party," that the requested fees and costs be reduced as excessive and duplicative. (*Id*.

---

[6] Yellow Cab argues in its response that the court is divested of jurisdiction as a result of its filing of an appeal of the order granting the Douds' motion for preliminary injunction (Doc. # 37 at 3, 5-6); however, it indicated at the hearing on the instant motion that it was abandoning that argument as it did not seek a stay in connection with filing its appeal.

- 6 -

at 6-11.) Yellow Cab suggests that the court undertake a "simple reduction of Plaintiffs' proposed bill by dividing the $130,000.00 requested in attorney's fees equally by each claim for a reduction to $21,667.00 as many of the entries are applicable to all claims referenced herein." (*Id*. at 10:24-26.) It then contends that the court further reduce this figure to reflect the duplicative nature of the work. (*Id*. at 10-11.) Yellow Cab asserts that the Douds should not be permitted to recover at this juncture the fees associated with the motions for summary judgment, or work otherwise unrelated to the motion for preliminary injunction. (*Id*. at 11.)

**C. The Douds' Reply**

In their reply, the Douds first assert that Yellow Cab did not dispute that they are entitled to an interim award of fees. (Doc. # 40 at 2-3.)

Second, they maintain that securing the preliminary injunction makes them a "prevailing party" for purposes of awarding fees under the ADA. (*Id*. at 3.) They argue that they secured all the injunctive relief they requested under their Title III claim. (*Id*., relying on *Watson v. County of Riverside*, 300 F.3d 1092, 1094 (9th Cir. 2002)). They further state that they never argued that Yellow Cab's drivers be required to lift heavy items; instead, they asked that they be permitted to ride in standard Yellow Cab taxis, and that James Doud be permitted to disassemble his wife's scooter so that they could ride in the standard taxi. (*Id*. n. 1.) The Douds reiterate the argument made in their motion that they have achieved a judicially sanctioned material alteration in the parties' legal relationship by securing the preliminary injunction. (*Id* at 3-4, relying on *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't. of Health*, 532 U.S. 598 (2001); *Labotest Inc. v. Bonta*, 297 F.3d 892, 895 (9th Cir. 2002)). They assert that Yellow Cab previously did not provide them with taxi service on two occasions, and in fact were told that they must take a special van for disabled persons. (*Id*. at 4.)

By virtue of the preliminary injunction, Yellow Cab was required to transport the Douds in standard taxis, and must train its drivers to that effect. (*Id*. at 4-6.) They state that Judge Du's order granting the motion satisfies the judicially sanctioned prong of the "prevailing party" analysis. (*Id*. at 6, relying on *Cabonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005); *Shapiro v. Paradise Valley Unified School Dist. No. 69*, 374 F.3d 857, 865 (9th Cir. 2004); *Watson v.*

1 *County of Riverside*, 300 F.3d at 1096; and *Buckhannon*, 532 U.S. at 604.)

2 Third, the Douds then assert that the fees requested are not excessive. (*Id*. at 7-18.)
3 Specifically, they argue: (1) time spent reviewing and editing time records in preparation for
4 filing this motion is recoverable; (2) legal research regarding case law on taxi cabs is
5 compensable; (3) they are entitled to recover time spent drafting this unique complaint; (4) all of
6 the claims are related and stem from the same core set of facts; therefore, fees may be recovered
7 with respect to claims other than the Title III ADA claim; (5) the time spent drafting the demand
8 letter prior to filing the complaint is compensable because it represents substantial efforts made
9 to resolve the matter before the complaint was filed which could have resolved or streamlined
10 the case; (6) time spent in connection with this motion is recoverable; (7) the time spent drafting
11 the partial motion for summary judgment is recoverable because the motion was filed as an
12 alternative theory to obtaining the relief through the motion for preliminary injunction; (8) the
13 amount of work performed is not excessive given the stage of the case and the Douds' counsel
14 has expended a tremendous amount of effort on early discovery, including initial and
15 supplemental disclosures, as well as written discovery, investigation, and motion work to try to
16 obtain her clients the relief they seek. (*Id*.)

17 Finally, the Douds argue that Yellow Cab fails to dispute the majority of the *Kerr* factors
18 and did not contest many of the points raised in the motion, including the hourly rates sought by
19 counsel and the amount of costs requested. (*Id*. at 18-20.)

20 **D. Oral Argument**

21 The court heard oral argument on this motion on December 18, 2014. (*See* Minutes, Doc.
22 # 59.) After hearing from counsel, the court addressed, *inter alia*, the propriety of the Douds'
23 request to recover time spent on the settlement demand letter which was sent prior to the filing of
24 the complaint, and time spent on the motion for partial summary judgment related to the denial
25 of service (which at the time had not been decided). In response to the court's inquiry,
26 Ms. Keyser-Cooper cited various cases that were not referenced in either the Douds' motion or
27 their reply brief, which she argued entitled her to recover fees in these categories, including:
28 *Charlebois v. Angels Baseball LP*, 993 F.Supp.2d 1109, 1124 (C.D. Cal. May 30, 2012);

*Marbled Murrelet v. Pacific Lumber Co.*, 163 F.R.D. 308, 327 (N.D. Cal. 1995); *Rux v. Starbucks,* No. CIV S-05-2299 MCE EFB, 2007 WL 1098550 (E.D. Cal. Apr. 12, 2007); and *Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005).

Even though Yellow Cab did not have an opportunity to review these cases, the parties agreed that no further briefing on this motion was necessary. (*See* Doc. # 59.) While the Douds subsequently filed a motion requesting supplemental briefing (Doc. # 58), that request was ultimately withdrawn and the motion was denied as moot at the February 18, 2015 status conference (*see* Doc. # 65).

**E. Analysis**

The ADA clearly provides for the recovery of reasonable attorney's fees, including litigation expenses and costs, by the "prevailing party." 42 U.S.C. § 12205. The court should award reasonable attorney's fees and costs to the prevailing plaintiff unless special circumstances would render such an award unjust. *Jankey v. Poop Deck*, 537 F.3d 1122, 1130 (9th Cir. 2008); *Barrios v. California Interscholastic Federation*, 277 F.3d 1128, 1134 (9th Cir. 2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).

"Prevailing party" status under section 12205 is evaluated within the framework established by the Supreme Court under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (which provides for the recovery of reasonable attorney's fees and costs to the prevailing party under various civil rights acts). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000) (citing *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992)). The "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship between the parties." *Farrar*, 506 U.S. at 111 (quoting *Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)). Thus, "[a] plaintiff 'prevails' for purposes of § 1988 'when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar*, 506 U.S. at 111-12.

According to the Ninth Circuit, "[r]elief 'on the merits' occurs when the material alteration of the parties' legal relationship is accompanied by 'judicial *imprimatur* on the

1 change.'" *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715 (9th Cir. 2013) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)). "Judicial imprimatur can come in the form of an enforceable judgment on the merits or a court-ordered consent decree (the two examples the Court gave in *Buckhannon*), but those are not the exclusive means of satisfying the requirement." *Id*. (citing *Carbonell*, 429 F.3d at 898; *Watson v. County of Riverside*, 300 F.3d 1092, 1098 (9th Cir. 2002)). "Other court-approved actions will suffice, provided they entail a judicial determination that the claims on which the plaintiff obtains relief are potentially meritorious." *Id*. (citing *Buckhannon*, 532 U.S. at 606).

In *Higher Taste*, the Ninth Circuit pointed out that courts have struggled with the predicament the court is faced with here—whether a party can be considered the "prevailing party" when the party obtains a preliminary injunction "but does not litigate the case to final judgment." *Id*. The Ninth Circuit addressed several of the difficulties in making this assessment, including that "preliminary injunctive relief is sometimes issued after a hearing that is 'necessarily hasty and abbreviated,' before any real assessment of the merits of the plaintiff's claims can be made[,] and, more importantly for the court's purposes here, because "such relief is, by its very nature, intended to be temporary." *Id*. (citing *Sole v. Wyner*, 551 U.S. 74, 84 (2007).

The Ninth Circuit identified the following questions that arise when courts are faced with making the "prevailing party" determination in this context: "First, is the court's preliminary injunction ruling sufficiently 'on the merits' to satisfy *Buckhannon's* 'judicial imprimatur' requirement? And second, has the plaintiff obtained relief sufficiently enduring to satisfy the 'material alteration of the parties' legal relationship' requirement?" *Id*. at 716.

In *Higher Taste*, the Ninth Circuit answered the first question by stating: "a preliminary injunction satisfies the judicial imprimatur requirement if it is based on a finding that the plaintiff has shown a likelihood of success on the merits." *Id.* The Ninth Circuit pointed out that there, the district court based its ruling on a finding that Higher Taste was likely to succeed on the merits of its claim "after a hearing that was not 'hasty and abbreviated.'" *Id*. (citing *Sole*, 551 U.S. at 84.

The court concludes, as the Ninth Circuit did in *Higher Taste*, that the issuance of the

1. preliminary injunction satisfies the judicial imprimatur requirement because it was based on a finding by District Judge Du that Plaintiff had a likelihood of success on the merits. The motion for preliminary injunction was fully briefed by the parties, and Judge Du considered all of the arguments and evidence submitted by them in issuing her order granting the preliminary injunction. As such, the decision was not based on a hearing or record that was "hasty and abbreviated."

The court will now turn to the second question, which the court in *Higher Taste* described as "determining whether the relief obtained materially altered the parties' legal relationship." *Id*. The Ninth Circuit stated: "at least for the time it remains in effect, a preliminary injunction normally satisfies this requirement" because "[a] material alteration of the parties' legal relationship occurs when 'the plaintiff can force the defendant to do something he otherwise would not have to do[,]'" which is "typically the whole point of an injunction." *Id*. (citing *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000)). Thus, "in the usual case injunctive relief 'work[s] the requisite material alteration in the parties' relationship.'" *Id*. (quoting *Lefemine v. Wideman*, 133 S.Ct. 9, 11 (2012) (per curiam)). There, the court found that with its preliminary injunction, Higher Taste was able to force the defendant to do something it would not otherwise have had to do, which in that case was to allow Higher Taste "to resume selling its message-bearing T-shirts on zoo grounds." *Id*. at 716-17.

The court pointed out, however, that the inquiry does not end there because the preliminary injunction issued "was intended (as in most cases) to afford only temporary relief pending final resolution of the case." *Id*. at 17. The Ninth Circuit instructed: "Precisely because the relief afforded by a preliminary injunction may be undone at the conclusion of the case, some inquiry into events post-dating the injunction's issuance will generally be necessary." *Id*. "For example, a plaintiff who succeeds at the preliminary injunction stage but loses on the merits after the case is litigated to final judgment is *not* a prevailing party under § 1988; in those circumstances, she secures only an 'ephemeral' victory and gains no 'enduring' change in the legal relationship of the parties." *Id*. (citing *Sole*, 551 U.S. at 86). That being said, "there may be circumstances in which a preliminary injunction results in sufficiently enduring change to

1 warrant an award of fees, even in the absence of a final judgment on the merits." (*Id*.)

2 "[W]hen a plaintiff wins a preliminary injunction and the case is rendered moot before
3 final judgment, either by the passage of time or other circumstances beyond the parties' control,
4 the plaintiff is a prevailing party eligible for a fee award." *Id*. (citing *Watson*, 300 F.3d at 1096;
5 *Williams v. Alioto*, 625 F.2d 845, 847 (9th Cir. 1980) (per curiam); accord *N. Cheyenne Tribe v.*
6 *Jackson*, 433 F.3d 1083, 1086 (8th Cir. 2006); *Young v. City of Chicago*, 202 F.3d 1000, 1000-01
7 (7th Cir. 2000) (per curiam); *Haley v. Pataki*, 106 F.3d 4, 483-84 (2d Cir. 1997)). While there
8 was never a final judgment, "the preliminary injunction ended up affording all the relief that
9 proved necessary." *Id*. (citing *Watson*, 300 F.3d at 1096; *Williams*, 625 F.2d at 847-48). "The
10 plaintiff therefore received relief that was as enduring as a permanent injunction would have
11 been and, by virtue of the case's mootness, that relief was no longer subject to being 'reversed,
12 dissolved, or otherwise undone by the final decision in the same case.'" *Id*. (citing *Sole*, 551 U.S.
13 at 83; *Radvansky v. City of Olmstead Falls*, 496 F.3d 609, 620 (6th Cir. 2007); *Dupuy v.*
14 *Samuels*, 423 F.3d 714, 719 (7th Cir. 2005)).

15 This reasoning has been applied by other circuits to cases where the plaintiff obtains a
16 preliminary injunction, but the case is rendered moot by the defendant's own actions. *Id*. The
17 following example was given: "The plaintiff wins a preliminary injunction prohibiting
18 enforcement of a particular statute, and the defendant renders the case moot by repealing the
19 statute before final judgment is entered." *Id*. (citing, *e.g.*, *Common Cause/Ga*, 554 F.3d at 1356;
20 *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 233-34 (3d Cir. 2008);
21 *Dearmore*, 519 F.3d at 523-24). In this instance, "[t]he defendant's action in rendering the case
22 moot ensures that the injunction's alteration of the parties' legal relationship will not be undone
23 by subsequent rulings in the litigation." *Id*.

24 In *Higher Taste*, the court concluded that Higher Taste was the prevailing party. There,
25 the district court dismissed the case after the parties submitted a stipulation for dismissal upon
26 settlement. *Id*. The Ninth Circuit reasoned that the plaintiff's initial victory in obtaining the
27 preliminary injunction was just as enduring as a result of the settlement which the court
28 described as "transform[ing] what had been temporary relief capable of being undone (had the

- 12 -

1   case been litigated to final judgment) into a lasting alteration of the parties' legal relationship."
2   *Id*. at 718. Through its settlement Higher Taste achieved "what it had hoped to obtain through a
3   permanent injunction." *Id*. (citing *Williams*, 625 F.2d at 847).

4      Here, before the court determined that the Douds were entitled to summary judgment on
5   the Title III ADA claim, it could not conclude that the relief the Douds won in obtaining the
6   preliminary injunction was "sufficiently enduring" to satisfy the "material alteration of the
7   parties' legal relationship" requirement. *Id*. This is because the preliminary injunction was a
8   form of temporary relief. Barring a finding in favor of the Douds on the merits or other
9   circumstances such as those described above (a judicially sanctioned settlement or change in
10  position which made the relief permanent in effect), the relief obtained was not enduring enough
11  to demonstrate a "material alteration of the parties' legal relationship."

12     With the court's concurrent decision that the Douds are entitled to summary judgment on
13  their Title III ADA claim—the very claim for which they obtained the preliminary injunction—
14  the court's analysis changes. By virtue of that order, the Douds have in fact obtained judgment
15  on the merits of their Title III ADA claim because they are now entitled to a permanent
16  injunctive and will have received all of the relief they requested as to that claim. As a result, they
17  are the "prevailing party" with respect to that claim. The order granting the preliminary
18  injunction is no longer subject to being "reversed, dissolved, or otherwise undone by the final
19  decision in [this] case." Having satisfied the prerequisite of establishing an enduring material
20  alteration of the parties' legal relationship, the court concludes (and Yellow Cab did not dispute)
21  that an interim award of attorneys' fees and costs under the ADA is appropriate. The specific
22  amount of that award will be addressed in a separate order.
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

### III. CONCLUSION

The Douds' motion for an award of interim attorneys' fees is **GRANTED**. The court will issue a separate order addressing the amount of attorneys' fees and costs which the Douds are entitled to recover.

**IT IS SO ORDERED**.

DATED: March 3, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE