1

2

3

4              UNITED STATES DISTRICT COURT

5                   DISTRICT OF NEVADA

6   JAMES DOUD and MELODIE DOUD,          3:13-cv-00664-WGC

7                          Plaintiffs,    **ORDER RE: AMOUNT OF
                                          ATTORNEYS' FEES AWARDED TO
8        v.                               PLAINTIFFS AND RE: PLAINTIFFS'
                                          MOTION TO SUPPLEMENT MOTION
9   YELLOW CAB OF RENO, INC.,             FOR INTERIM ATTORNEYS' FEES
                                          FILED SEPTEMBER 10, 2014 (Doc. # 78)**
10                         Defendant.

11

12

13          On March 3, 2015, the court entered an order granting the Douds' motion for interim

14   attorneys' fees, but indicated that the precise amount of attorneys' fees and costs that would be

15   awarded to the Douds would be addressed in a separate order[1]. (*See* Docs. # 32, # 70.) A detailed

16   factual and procedural history of the case leading to the entry of that order is set forth in Doc.

17   # 70, and is incorporated here by reference. The court already determined that the Plaintiffs have

18   "prevailing party" status relative to their ADA denial of service claims pursuant to 42 U.S.C.

19   § 12205, and are entitled to an interim award of fees. (Doc. # 70 at 13.)

20          Plaintiffs have since filed a motion to supplement their motion for interim attorneys' fees.

21   (Doc. # 78.) Yellow Cab filed a response (Doc. # 83) and Plaintiffs filed a reply (Doc. # 84). The

22   motion to supplement the request for fees and costs is granted as set forth herein.

23          The court will now address the specific amount of fees and costs to be awarded to

24   Plaintiffs.

25   ///

26   ///

27   _____

28          [1] This was done to give the parties a ruling on the motion for interim attorneys' fees on an expedited basis
     prior to an upcoming settlement conference.

## I. FEES AND COSTS SOUGHT IN ORIGINAL MOTION

**A. The Douds' Position**

The Douds' attorneys, Ms. Keyser-Cooper and Ms. Vaillancourt, request hourly rates of $400 and $350, respectively. (*Id.* at 14.) They assert that they jointly spent 338.2 hours for which they are entitled to recover fees (their time spent was reduced by 30% to account for time spent on the Title I claims, *see* Doc. # 32 at 19 n. 13), for a total requested award of attorneys' fees in the amount of $130,213 (this figure takes account for a reduced hourly rate for those items categorized as administrative in nature that are billed at a $120 per hour rate). (*Id.* at 18-20.) The time spent has been divided into the following categories: (1) Category A-settlement efforts-Keyser Cooper (14.8 hours), Vaillancourt (19.1 hours); (2) Category B-complaint-Keyser-Cooper (15.4 hours), Vaillancourt (2.7 hours); (3) Category C-case investigation-Keyser-Cooper (17.85 hours), Vaillancourt (4.2 hours); (4) Category D-client contact-Keyser Cooper (19.90 hours), Vaillancourt (3.7 hours); (5) Category E-legal research and motion practice-Keyser-Cooper (182.45 hours), Vaillancourt (39.1 hours); (6) Category F-other-Keyser-Cooper (10.65 hours), Vaillancourt (3.7 hours); and (7) Category G-administrative matters-Keyser-Cooper (1.85 hours), Vaillancourt (1.85 hours). (*Id.* at 18-20.) The Douds then set forth the amount of litigation costs they contend they are entitled to recover, which total $1,127.01. (*Id.* at 21-22.)

**B. Yellow Cab's Position**

Yellow Cab argues that the requested fees and costs should be reduced as excessive and duplicative. (Doc. # 37 at 6-11.) Yellow Cab suggests that the court undertake a "simple reduction of Plaintiffs' proposed bill by dividing the $130,000.00 requested in attorney's fees equally by each claim for a reduction to $21,667.00 as many of the entries are applicable to all claims referenced herein." (*Id.* at 10:24-26.) It then contends that the court further reduce this figure to reflect the duplicative nature of the work. (*Id.* at 10-11.)

## II. SUPPLEMENTAL REQUEST FOR FEES AND COSTS

**A. The Douds' Position**

The supplemental motion asserts that the Douds should be awarded fees for the time spent by counsel in litigating their right to fees, and claim they are entitled to recover for time

spent on "negotiations, supplemental briefs, oral argument, settlement conferences, as well as this brief and the additional legal research it requires" as they are "related to and part of the necessary effort to obtain fees." (*Id*. at 3.) The Douds also desire to supplement their motion to reflect time spent by counsel on the reply to the initial motion, preparing for and attending oral argument on the motion, and for preparing for and attending a settlement conference, for client conferences during negotiations on fees and negotiations related to resolving the entire case. (*Id*. at 9.) The Douds seek to recover an additional $25,340 in attorneys' fees for time spent by counsel on these tasks ($6,280 related to the reply brief in support of the original motion; $1,880 related to preparation and appearing for oral argument on the motion; and $17,180 for time expended related to settlement of the injunctive portion of the case). (*Id*. at 10-13.)

The Douds also seek to supplement the amount of costs they requested to include costs incurred since the original motion was filed in the amount of $2,995.05, consisting of:

(1) the depositions of Roy Street, Frank Street, and Mohammed Parvez ($1,959);

(2) James Doud's travel expenses for depositions in December 2014 ($433.05); (3) Plaintiffs' travel costs for the March 5, 2015 settlement conference ($603). (*Id*. at 16.)

**B. Yellow Cab's Argument**

Yellow Cab simply incorporates the arguments it asserted in its response to the Douds' original motion that the fees requested are excessive and/or duplicative of efforts already billed for and asks that the court deny the motion for fees and costs in full, or alternatively, that the court substantially reduce those fees. (Doc. # 83.)

**C. The Douds' Reply**

The Douds point out that Yellow Cab's response fails to contest, *inter alia*, the hourly rates requested by counsel and does not specifically contest any of the supplemental fees and costs sought by the Douds. (*Id*. at 3-4.)

In addition, the Douds request additional that they receive fees for the two and a half hours spent in preparing the reply brief in the amount of $1,000. (*Id*. at 4.)

///

///

### III. TOTAL FEES AND COSTS REQUESTED

Plaintiffs request a total of $156,553 in attorneys' fees[2], and $4,122.06 in costs.[3]

### IV. DISCUSSION

**A. Standard**

"Congress passed the ADA in 1990 to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citation and quotation marks omitted). 42 U.S.C. § 12205 provides that the court "may allow the prevailing party" to receive attorneys' fees and costs from defendants in cases brought under the Americans with Disabilities Act (ADA). Congress enacted the fee-shifting provision in civil rights statutes "to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotation marks omitted). "If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) (per curiam).

The court has already determined the Douds are the prevailing party with respect to their service issue claims brought under the ADA. (*See* Doc. # 70.) A "prevailing plaintiff … should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Barrios v. California Interscholastic Fed'n.*, 277 F.3d 1128, 1134 (9th Cir. 2002). The court cannot discern, nor has Yellow Cab raised, any circumstance which would render an award of attorneys' fees to the Douds unjust. The Douds were successful on their motion for a preliminary injunction on the service claims, and were subsequently granted summary judgment on those claims. Therefore, the court will proceed in calculating the amount of attorneys' fees

---

[2] This consists of: (1) $104,642 requested by Ms. Keyser-Cooper in the original motion (Doc. # 37 at 20); (2) $25,571 requested by Ms. Vaillancourt in the original motion (Doc. # 37 at 20); (3) $25,340 requested in the supplemental motion; and (4) $1,000 requested in the reply in support of the supplemental brief (Doc. # 84 at 4). Plaintiffs' supplemental request for fees leaves out the 1.85 hours expended by Ms. Keyser-Cooper at the $120 rate in Category G. (*Compare* Doc. # 32 at 20 and Doc. # 70 at 10.) Therefore, the total of the attorney's fees requested for Ms. Keyser-Cooper is $130,982; and the total requested for Ms. Vaillancourt is $25,571.

[3] This consists of $1,127.01 requested in the original motion (Doc. # 32 at 21-22) and $2,995.05 requested in the supplemental motion (Doc. # 70 at 16).

and costs that should be awarded to the Douds.

Once a party has established that it is entitled to an award of attorney's fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley*, 461 U.S. at 433. "The standards set forth in [*Hensley*] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley*, 461 U.S. at 433 n. 7. The Ninth Circuit has used the standards set forth in *Hensley* in the context of a request for fees under the ADA. *See Jankey v. Poop Deck,* 537 F.3d 1122, 1130-31 (9th Cir. 2008).  A determination of whether a fee is "reasonable," is generally based upon the traditional "lodestar" calculation set forth in *Hensley. See Fischer v. SJB-P.D Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the court must determine a reasonable fee by multiplying the number of hours reasonably expended on the litigation by a reasonably hourly rate. *Hensley*, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).

> The *Kerr* factors are:
> (1) The time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or other circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996) (citations omitted). Further, the Ninth Circuit, extending *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. *See Davis v. City & County of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993). There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (internal citations omitted). Nevertheless, upon considering the relevant

1   *Kerr* factors that may bear on reasonableness, the court may adjust the award from the lodestar

2   figure. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

3       Moreover, "[d]istrict courts possess the necessary discretion to adjust the amounts

4   awarded to address excessive and unnecessary effort expended in a manner not justified by the

5   case." *Id.*; *see also Jankey*, 537 F.3d at 1132 (quoting *Hensley*, 461 U.S. at 437). "[T]he court

6   should exclude 'hours that [we]re excessive, redundant, or otherwise unnecessary." *Hensley*, 461

7   U.S. at 433.

8   **B. Hourly Rate**

9       In calculating the lodestar figure, reasonable hourly rates are determined by the

10  "prevailing market rates in the relevant community." *Blum v. Stevenson*, 465 U.S. 886, 895

11  (1984); *see also Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "In making the award,

12  the district court must strike a balance between granting sufficient fees to attract qualified

13  counsel to civil rights cases, *City of Riverside v. Rivera*, 477 U.S. 561, 579-80, 106 S.Ct. 2686,

14  91 L.Ed.2d 466 (1986), and avoiding a windfall to counsel, *see Blum v. Stenson*, 465 U.S. 886,

15  897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (quoting S.Rep. No. 94-1101, at 6 (1976))."

16  *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). "The way to do so is to

17  compensate counsel at the prevailing rate in the community for similar work; no more, no less."

18  *Moreno*, 534 F.3d at 1111.

19      "The burden is on the plaintiff to produce evidence that the requested rates are in line

20  with those prevailing in the community for similar services by lawyers of reasonably comparable

21  skill, experience, and reputation." *Sorenson*, 239 F.3d at 1145 (internal quotations and citation

22  omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in

23  the community, and rate determinations in other cases, particularly those setting a rate for the

24  plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers

25  of Am. V. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (citations omitted). "The

26  defendant may introduce rebuttal evidence in support of a lower hourly rate." *Soreson*, 239 F.3d

27  at 1145.

28      Ms. Keyser-Cooper requests an hourly rate of $400 per hour, while Ms. Vaillancourt

requests an hourly rate of $350. (Doc. # 32 at 14.) In support of their request, they point to a 2011 declaration by attorney Margo Piscevich, filed in another case in this district, *Van Asdale v. International Game Technology*, Case No. 3:04-cv-00703-RAM, who attested that the average hourly rate in Northern Nevada is between $350 and $500, and for commercial litigation is higher than $500 an hour. (*Id.* at 14-15; Doc. # 32-2 at 10 ¶ 3.) Ms. Piscevich requested and received a $450 hourly rate. (*Id.*)

Ms. Keyser-Cooper includes her own declaration in support of her request. (Doc. # 32-3 at 2-7.) She graduated from law school in 1985, and has practice in the area of civil rights since that time, handling well over 350 civil rights matters. (*Id.* at ¶¶ 2-3, 7.) She attests that her hourly rate for the past ten years has been $350, and was granted to her in *Behymer-Smith v. Coral Academy of Science*, No. 3:06-cv-206-BES-RAM (Doc. # 18 at 16-17) and *Wheeler v. Coss*, No. 3:06-cv-0717-RAM (Doc. # 90 at 4-5). (Doc. # 32-2 at 7 ¶ 11.)  She now requests an increase in her hourly rate to $400. (Doc. # 32-2 at 7 ¶12.) In support of this requested increase, she provides declarations of four Nevada attorneys: Peter Wetherall, Mark Mausert, Ian Silverberg, and William Jeanney, who have handled civil rights cases. (*Id.*; Wetherall Decl. (Doc. # 32-2 at 2); Mausert Decl. (Doc. # 32-2 at 4-5); Silverberg Decl. (Doc. # 32-2 at 7-8); Jeanney Decl. (Doc. # 32-2 at 13).

Mr. Wetherall attests that he has litigated with Ms. Keyser-Cooper as co-counsel, and is aware of her civil rights cases during his twenty-four years of practice in Nevada. (Doc. # 32-2 at 2 ¶ 4.) He regards her as "the preeminent plaintiffs' civil rights attorney in Nevada−particularly in Northern Nevada−and one of only a handful of lawyers in Nevada willing to frequently take difficult civil rights cases, often involving unpopular clients, on a contingent fee basis." (*Id.* ¶ 5.) He states that an hourly rate of $400 is reasonable, and that his two most recent fee awards in the state court of Nevada were at the hourly rate of $500. (*Id.* ¶ 7.)

Mr. Mausert has worked as an attorney in Northern Nevada since 1981 and has litigated approximately 350 civil rights cases, and has worked with Ms. Keyser-Cooper. (Doc. # 32-2 at 4 ¶¶ 1-2.) He states that she provides a valuable service to the community in accepting civil rights cases on a contingent fee basis. (*Id.* ¶ 3.) He believes that $400 is a reasonable hourly rate for

1   Ms. Keyser-Cooper. (*Id*. at 5 ¶ 5.)

2       Mr. Silverberg has been practicing in federal civil rights litigation since 1994, and

3   believes that the standard hourly rate charged by civil rights litigators in Nevada ranges between

4   $300 and $500 per hour. (Doc. # 32-2 at 7.) He charges $375 per hour for his work. (*Id*.) He is

5   familiar with Ms. Keyser-Cooper's work and believes she is an experienced civil rights litigator,

6   and $400 is a reasonable hourly rate for her services. (*Id*.)

7       Mr. Jeanney has practiced in the field of plaintiff's personal injury law for thirty-three

8   years, and is familiar with the reasonable and customary fees in the representation of plaintiffs in

9   civil rights actions in Nevada. (Doc. # 32-2 at 13 ¶¶ 1-2.) He asserts that Ms. Keyser-Cooper has

10  an "outstanding reputation as a civil rights lawyer in this community" and finds $400 to be a

11  reasonable hourly rate for her services. (*Id*. ¶¶ 5, 7.)

12      Yellow Cab does not argue that the $400 hourly rate requested Ms. Keyser-Cooper is

13  unreasonable. The court finds that the declarations of Ms. Keyser-Cooper, Mr. Wetherall,

14  Mr. Mausert, Mr. Silverberg, and Mr. Jeanney are sufficient to establish that $400 is a reasonable

15  hourly rate for Ms. Keyser-Cooper, an attorney with thirty years of experience in civil rights

16  matters.

17      In addition, Ms. Vaillancourt submits her own declaration in support of her request for an

18  hourly rate of $350. (Doc. # 32-4 at 2-4.) She has significant experience and familiarity with the

19  ADA. (Doc. # 32-4 at 2-3 ¶¶ 3-5.) She graduated first in her class from the University of

20  Wisconsin School of Law in 1992, and began practicing in civil rights shortly thereafter. (Doc.

21  # 32-4 at 5-6.) Her standard hourly rate is $350, which she asserts has been her court-approved

22  rate since October 2006. (Doc. # 32-4 at 3 ¶ 8.) This rate was previously awarded to her in

23  *Behymer-Smith v. Coral Academy of Science*, No. 3:06-cv-206-BES-RAM, and *Wheeler v. Coss*,

24  No. 3:06-cv-0717-RAM. (*Id*. at 4 ¶ 8.) In addition she references the declarations filed by the

25  Nevada attorneys which confirm her fee is reasonable in this community. (*Id*. ¶ 9.)

26      Yellow Cab also did not assert an argument that the $350 hourly rate requested by

27  Ms. Vaillancourt is unreasonable. The court finds that the declarations of Ms. Vaillancourt and

28  the other Nevada attorneys, coupled with her background and the fact that she has been awarded

this rate previously, are sufficient to establish that $350 is a reasonable hourly rate for Ms. Vaillancourt.

Plaintiffs do not provide any evidence to support the $120 hourly rate for administrative/paralegal-type tasks their counsel performed; however, Yellow Cab did not assert an objection to that rate, and the District of Nevada has previously found this to be an acceptable rate for this type of work in this community. *See Van Asdale v. Int'l Game Tech.*, No. 3:04-cv-00703-RAM, 2011 WL 2118637, at * 4 (D. Nev. May 24, 2011).

In sum, the court will calculate the lodestar amount based on hourly rates of $400 for Ms. Keyser-Cooper and $350 for Ms. Vaillancourt, and a $120 hourly rate for administrative/paralegal-type tasks. Therefore, the initial lodestar calculation is that requested by Plaintiffs: $156,553. The court will now address the reasonableness of the hours worked, in the context of the remaining *Kerr* factors not subsumed in the lodestar calculation in determining whether to enhance or reduce the lodestar figure.

**C. Remaining *Kerr* Factors**

The remaining *Kerr* factors not subsumed in the lodestar figure will now be discussed.

**1. Time Limitations Imposed**

Ms. Keyser-Cooper and Ms. Vaillancourt have adequately demonstrated that this case has taken a significant amount of their time.

**2. Amount Involved & Results Obtained**

In cases brought under Title III of the ADA, injunctive relief is the only relief permitted, and Plaintiffs have obtained the relief sought in connection with their denial of service claims.

**3. Experience, Reputation, and Ability of Attorneys**

The court is aware that Ms. Keyser-Cooper and Ms. Vaillancourt each have significant experience and ability in civil rights cases, and their reputations in the community are reflective of that experience.

**4. "Undesirability" of the Case**

The Douds assert this case was particularly undesirable in Reno, because the ADA is tricky and obtaining injunctive relief is risky. (Doc. # 32 at 12.) In addition, there are few civil

1  rights lawyers in the community because most plaintiffs cannot pay the fees involved. (*Id*.)

2     The court does not dispute that there are few civil rights lawyers in the community, and

3  the prospect of taking on clients on a contingency basis in an ADA case seeking injunctive relief,

4  where the clients cannot afford the fees, makes this case "undesirable."

5        **5. Nature & Length of Professional Relationship with the Client**

6     This appears to be the only case Plaintiffs have had with counsel.

7        **6. Awards in similar cases**

8     The amount of fees awarded in similar cases was addressed above.

9     In sum, the court finds no basis for reducing the hourly rate awarded to Plaintiffs' counsel

10  stemming from the remaining *Kerr* factors. The Douds do not seek a multiplier enhancement of

11  fees although the case was taken on a contingency basis. (See Doc. # 78 at 16.) The court will

12  now look at the reasonableness of the hours expended by counsel.

13  **D. Reasonableness of the Hours Spent**

14     As stated above, the court has discretion to reduce the hours expended if they are deemed

15  excessive, redundant or otherwise unnecessary. *Hensley*, 461 U.S. at 433.

16     Yellow Cab argues generally that the requested fees should be reduced as excessive and

17  duplicative. (Doc. # 37) Yellow Cab asserts that the demand letter, complaint, motion for

18  preliminary injunction and motion for summary judgment contain a similar statement of facts,

19  and are therefore duplicative. It contends that the amount of time spent drafting the demand letter

20  and complaint is unreasonably high, and that the time spent drafting the motion requesting fees is

21  likewise excessive. (Doc. # 37.) Yellow Cab does not point to any particular entry that it deems

22  excessive or duplicative; rather, it asserts, without providing any authority, that a simple across-

23  the-board reduction should be taken by dividing the amount requested by the number of claims

24  asserted. (*Id*. at 10.)

25     The court will now review the Douds' attorneys' time records to determine whether any

26  reductions should be made on the basis that the entries are excessive, redundant or otherwise

27  unnecessary. The court declines to make an across-the-board reduction as suggested by Yellow

28  Cab because the Douds already reduced the fees requested to reflect the time spent on the Title I

claims, where such work was not intertwined with the work on the other claims. *See McCown v. City of Fontana*, 565 F.3d 1087, 1103 (9th Cir. 2009) (if the claims arise out of the same "common core of facts" or are based on "related legal theories," the request for attorney's fees should not be divided on a "claim-by-claim basis.").

### 1. Category A- Settlement Efforts

Ms. Keyser-Cooper spent 14.8 hours, and Ms. Vaillancourt spent 19.1 hours in this category. (Doc. # 32 at 18, n. 12.) According to Ms. Keyser-Cooper, she and Ms. Vaillancourt wrote a fifteen-page, single-spaced demand letter to Yellow Cab after the Nevada Transportation Authority (NTA) issued its opinion, which Yellow Cab rejected. (*Id.*; Doc. # 32-1 at 2- (demand letter).) They spent additional time attempting to settle this case, to no avail. (*Id.*)

As Ms. Keyser-Cooper suggests, the bulk of the time in this category was spent drafting the demand letter. Ten of the 14.8 hours spent by Ms. Keyser-Cooper in this category were on drafting the demand letter. 14.7 of Ms. Vaillancourt's 19.1 hours in this category were spent on the demand letter. Thus, a total 24.7 hours were collectively spent by Plaintiffs' counsel drafting the demand letter.

While the amount of time spent on this letter seems high at first-glance, a review of the letter reveals that it is fifteen-pages long, single spaced, and includes a highly detailed account of the factual background for Plaintiffs' claims, along with a section setting forth the legal basis for those claims. As a result, the court finds the time spent in this category is reasonable.

### 2. Category B- Complaint

Ms. Keyser-Cooper spent 15.4 hours on the complaint. (Doc. # 32 at 18.) Ms. Vaillancourt spent 2.7 hours further revising and drafting the complaint. (*Id.* at 19 n. 13.) It was first drafted and sent to the EEOC in San Francisco so that the EEOC would bypass its internal investigation and immediately issue a right to sue letter. (*Id.* at 19 n. 13.) After the right to sue letter was received, the complaint was revised to comport with details of the factual background and ADA law. (*Id.*) The Douds have reduced the time spent on the complaint by thirty percent to reflect time spent on the Title I claims. (*Id.*)

When a defendant argued that the amount of time a plaintiff's attorney spent researching

and drafting a complaint was excessive, Judge Carter of the Central District of California pointed out in *Charlebois v. Angels Baseball LP*, 993 F.Supp.2d 1109 (C.D. Cal. 2012), that many complaints are dismissed "because attorneys spend too *little* time researching the grounds for their case;" therefore, there is "no reason why [the court] should punish the attorney that researches the law and facts before putting paper to pen." *Id*. at 1124-25. The court similarly finds that the efforts spent in setting forth a detailed, and factually specific complaint are reasonable and compensable.

### 3. Category C-Case Investigation

Ms. Keyser-Cooper spent 17.85 hours in this category. (Doc. # 32 at 19, n. 14.) She asserts that time was spent contacting witnesses, discovery, and researching information that would lead to discoverable evidence. (*Id*.) Ms. Vaillancourt spent 4.2 hours in this category. (*Id*.) The court has reviewed the billing entries of Ms. Keyser-Cooper and Ms. Vaillancourt in this category and finds them to be reasonable.

### 4. Category D- Client Contact

Ms. Keyser-Cooper spent 19.90 hours on client contact, asserting that the case's factual complexity necessitated numerous communications with counsel, as well as review of motions with clients. (Doc. # 32 at 19, n. 15.) Ms. Vaillancourt spent 3.7 hours in this category. (*Id*.)

Yellow Cab presents no particular objection to the time spent in this category. The court has reviewed the billing entries in this category and finds them to be reasonable.

### 5. Category E- Legal Research & Motion Practice

Ms. Keyser-Cooper spent 182.45 hours in this category. (Doc. # 32 at 19, n. 16.) Ms. Vaillancourt spent 39.1 hours in this category. (*Id*.) The motion requests only fees for research done on the Title III denial of service claim. (*Id*.)

The following is a summary of Ms. Keyser-Cooper's time records in this category:

| Date | Description | Time |
|------|-------------|------|
| 7/11/13 | Legal research re federal statutes on ADA and taxi companies | 1.0 |
| 7/24/13 | Legal research re ADA | .5 |
| 7/25/13 | TC to EEOC re ADA claim and bypass to obtain RTS | 1.0 |

| 8/5/13 | Legal research re ADA denial of service cases | 1.0 |
| 3/3/14 | Legal research on injunctive relief at law library | 1.0 |
| 3/4/14 | Draft stipulation re ENE | .75 |
| 3/13/14 | Redraft declarations for PI | .7 |
| 3/13/14 | Legal research re ADA injunctions, *Doran v. 7-11, Bay Area Addiction Research v. City of Antioch, Innovative Health Systems v. City of White Plains, Rapp v. Lawrence Welk Resort; Chapman v. Pier 1 Imports, Fortyune v. American Multi-Cinema, Baughman v. Walt Disney World, Cortez v. City of Porterville, Hoewischer v. Terry, Botosan v. Paul McNally Realty, Paulick v. Starwood Hotels & Resorts, Connors v. Orland Regional Healthcare System, Grove v. De La Cruz, Kroske v. U.S. Bank Corp., Noel v. New York Taxi*, shepardize all cases | 4.7 |
| 3/18/14 | Review *Chapman v. Pier 1* and shepardize | .6 |
| 3/18/14 | TC to client re status of PI | .2 |
| 3/18/14 | Legal Research *PGA Tour, Inc. v. Martin, Alexander v. Choate, Fortyune v. American Multi-Cinema, Inc., City of Los Angeles v. Lyons, Bird v. Lewis & Clark College, Winter v. Natural Resources Def. Counsel, Alliance for Wild Rockies v. Cotrell, Powell v. Nat'l Bd. Of Med. Exam'rs, D.K. ex. Rel. G.M. v. Solano, Botosan v. McNally Realty Spector v. Norweigian Cruise Line, Toyota Mfg. Ky., Inc. v. Williams*, revise MPI | 7.0 |
| 4/1/14 | Draft ENE statement | 3.0 |
| 4/2/14 | Draft ENE statement | 3.5 |
| 4/4/14 | Draft ENE | 3.0 |
| 4/12/14 | Prepare for oral presentation at ENE | .75 |
| 4/15/14 | Prep for ENE oral presentation | 1.0 |
| 4/16/14 | Prep for ENE | .5 |
| 4/16/14 | ENE conference at court | 3.3 |
| 4/17/14 | Draft notice of unavailability (Docket 14) | .75 |
| 4/22/14 | Draft emergency Motion Re Extension to Respond to responsive pleadings (Docket 15) | 1.9 |
| 5/5/14 | Draft reply to MPI | 4.5 |
| 5/5/14 | Draft supplemental declaration for reply to MPI | .5 |
| 5/6/14 | Draft reply to MPI | 2.75 |

| 5/16/14 | Review answer | .3 |
|---|---|---|
| 5/16/14 | Draft Motion for Partial Summary Judgment (MPSJ) re Denial of Service | 2.0 |
| 5/18/14 | Draft MPSJ re Denial of Service | 3.0 |
| 5/19/14 | Draft MPSJ re Denial of Service | 4.0 |
| 5/19/14 | Re-draft supplemental declarations | 2.0 |
| 5/20/14 | Draft MPSJ re denial of service | 3.75 |
| 5/21/14 | Draft MPSJ re denial of service | 6.0 |
| 5/22/14 | Legal research re standards for PI and SJ | 1.5 |
| 5/22/14 | Legal Research: *United States v. Utah Const. & Mining Co., Plaine v. McCabe, Celotex Corp. v. Catrett, Anderson Liberty Lobby, Inc., Oregon Paralyzed Veterans of America v. Regal Cinemas, Inc., Baughman v. Walt Disney World Company, Schneider v. County of Will, Glass v. Hillsboro School District* And other prior cases | 4.0 |
| 5/23/14 | Draft MPSJ re denial of service | 3.75 |
| 5/23/14 | Legal research re *Yellow Cab of Reno, Inc., Petitioner vs. Transportation Authority* | 1.0 |
| 5/24/14 | Draft MPSJ re denial of service | 6.2 |
| 5/25/14 | Draft MPSJ re denial of service | 5.0 |
| 6/10/14 | Review Yellow response to MPI | .2 |
| 6/10/14 | Draft initial disclosures | 2.2 |
| 6/10/14 | Review *Cohen v. City of Culver City* | .2 |
| 6/11/14 | Legal research, *Narayan v. EGL, Inc., Nationwide Mutual Insurance Company v. Darden, Norberg v. Tillamook County Creamery Association, Pilot Industries v. Southern Bell Telephone and Telegraph Company, Raleigh v. Performance Plumbing & Heating, Bhakta v. County of Maui*, Draft reply re MPI | 3.2 |
| 6/13/14 | Draft reply MPI | 4.0 |
| 6/14/14 | Draft reply MPI | 5.0 |
| 6/15/14 | Draft reply MPI | 6.0 |
| 6/15/14 | Finalize initial disclosures | .4 |
| 6/30/14 | Review Defendant's initial disclosures | .2 |

| | | |
|---|---|---|
| 6/30/14 | Look at defendant's cases | 1.0 |
| 7/3/14 | Draft Reply MPSJ | 5.0 |
| 7/4/14 | Draft reply MPSJ | 4.75 |
| 7/5/14 | Draft reply MPSJ | 5.0 |
| 7/8/14 | Draft reply MPSJ | 4.75 |
| 7/9/14 | Draft reply MPSJ | 8.7 |
| 7/10/14 | Finalize reply MPSJ | 4.0 |
| 7/12/14 | Draft interrogatories | 2.25 |
| 7/12/14 | Draft Request for Production of Docs | 2.50 |
| 7/12/14 | Draft Requests for Admission | 3.0 |
| 7/21/14 | Review additional discovery from OPC | .1 |
| 7/21/14 | Review new case *Lefemine v. Wideman* | .2 |
| 7/22/14 | Draft First Supplemental Disclosures | .3 |
| 8/5/14 | Prepare deposition Qs for Frank Street of Yellow | 1.2 |
| 9/1/14 | Draft time records in preparation for attorney's fees motion | 5.0 |
| 9/2/14 | Legal research re ADA fees motions- *Blackwell v. Foley, Goodell v. Ralph's Grocery, Hernandez v. Taqueria El Grullense, Feezor v. Lopez De-Jesus, Buckhannon Bd. & Care Home v. West Virginia Dept H&H, Loskot v. D&K Spirits, Yates v. Bacco, Elder v. National Conf. of Bar Examiners, Carbonelli v. INS*, shepardize all | 3.5 |
| 9/5/14 | Review cases on interim fees-*Bradley v. School Bd. Of City of Richman, Hanrahan v. Hampton, Texas State Teachers v. Garland Independent School District, Guam Society of Obstetricians, Watson v. County of Riverside, Chalmers v. City of Los Angeles*, shepardize all | 3.5 |
| 9/6/14 | Draft attny fee motion | 5.5 |
| 9/7/14 | Draft attny fee motion | 8.5 |
| 9/8/14 | Draft attny fee motion | 3.75 |
| 9/9/14 | Finalize fees motion | 2.0 |
| 9/9/14 | Review my declaration and update | .5 |

The following is a summary of Ms. Vaillancourt's time spent in this category:

| Date | Description | Time |
|------|-------------|------|
| 9/16/13 | Initial legal research re ADA Title III discrimination: violations and remedies | 1.5 |
| 9/18/13 | Legal research re ADA claims of association with qualified person with a disability (Title II & Title III combined) | 1.3 |
| 11/5/13 | Shepardize cases re disability discrimination, elements thereof, standards to meet & potential remedies | 2.7 |
| 2/5/14 | Legal research re preliminary injunctions in ADA Title III cases, shepardize | 5.2 |
| 2/6/14 | Draft MPI, focusing on facts section | 6.5 |
| 2/7/14 | Continue drafting MPI, focusing on standards | 1.5 |
| 2/10/14 | Continue drafting MPI, focusing on legal arguments | 4.8 |
| 2/13/14 | Continue drafting MPI, review, edit, revise | 1.6 |
| 2/24/14 | Draft declaration of Melodie Doud for MPI | .5 |
| 2/26/14 | Revise and edit MPI | 2.5 |
| 2/26/14 | Draft declaration of James Doud for MPI, incorporating facts from original declaration | .9 |
| 2/26/14 | Additional legal research re MPI, checking citations and obtaining additional case authority where citation missing | .8 |
| 3/4/14 | Upon obtaining 121 page transcript of NTA hearing, review transcript, add witness testimony to MPI with citations to record; review and edit MPI eliminating minor inconsistencies with documented NTA hearing as appropriate; create table of exhibits to accompany motion | 9.3 |

With a few exceptions, the court finds that the time spent by Ms. Keyser Cooper and Ms. Vaillancourt in this category to be reasonable. The court will now discuss those items it finds to be unreasonable and will address Yellow Cab's arguments concerning this category.

First, Ms. Keyser-Cooper spent .75 hours drafting a notice of unavailability which appears as Doc. # 14. This is a one paragraph form notice, and the court does not find that it realistically took .75 hours to draft. As such, the court reduces the time compensable to this task to .2 hours (a reduction of .55 hours).

Second, Ms. Keyser-Cooper spent 1.9 hours on April 22, 2014, drafting an emergency

- 16 -

motion seeking an extension of time to respond to a motion to dismiss, and file a reply to Defendant's opposition to their motion for preliminary injunction. The motion (Doc. # 15) is approximately three pages long, and provides a brief explanation of why the request was being made, and is accompanied by a one paragraph declaration of counsel and copy of counsel's plane ticket indicating she would be out of the country. (Doc. # 15-1.) The court does not find it reasonably took 1.9 hours to draft a routine request for extension of time. Therefore, the court reduces the time compensable for this task to .75 hours (a reduction of 1.15 hours).

Third, the court will address Yellow Cab's argument that the time spent on the motion for preliminary injunction and motion for partial summary judgment is duplicative. Ms. Keyser Cooper spent 35.2 hours (exclusive of legal research) drafting the motion for partial summary judgment on the denial of service. She spent 47.2 hours drafting the reply brief.

"The court may reduce the number of hours awarded because the lawyer performed unnecessarily duplicative work, but determining whether work is unnecessarily duplicative is no easy task." *Moreno*, 534 F.3d at 1112 (commenting that getting up to speed on research previously performed, reviewing cases decided and statutes enacted is duplicative, but necessary, particularly when a case has gone on for many years). "It must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the results and the amount of the fee." *Id*. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." (*Id*.)[4] "It is only where the lawyer does *unnecessary* duplicative work that the court may legitimately cut the hours." *Id*.

Yellow Cab does not specifically identify what part of these motions it finds duplicative. As the Douds point out, while the background facts are certainly the same, the standards for these motions are entirely different. Therefore, the emphasis on certain facts was different in the respective motions, depending on the applicable burden. The motion for partial summary

---

[4] A district court is permitted to "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation" when deciding to reduce hours as duplicative. *Moreno*, 534 F.3d at 1112.

judgment required the compilation of a statement of undisputed facts, supported by referenced evidence. The motion for preliminary injunction required Plaintiffs to establish a likelihood of success on the merits, likelihood of suffering irreparable harm, that the balance of hardships tipped in their favor, and that injunctive relief was in the public's interest. While there is some duplication with respect to the background facts, a review of the two motions reveals the facts were not simply "cut and pasted" from one motion to the next. Instead, the facts were tailored and applied to meet the applicable burden. The court cannot say that the work put into these two motions was unnecessarily duplicative.

Finally, the court will address Yellow Cab's contention that the time spent on the motion for attorneys' fees is excessive. Ms. Keyser-Cooper spent 19.75 hours drafting and finalizing the motion for attorneys' fees (excluding research and reviewing and updating her declaration). In addition, she spent five hours compiling her time records in preparation for filing this motion.

The motion for fees is undoubtedly very thorough and comprehensive, setting forth a detailed review of legal authority supporting an award of fees under these circumstances, applying the requisite factors to the facts present here, and providing detailed descriptions of the work performed in support of the request for fees. This thoroughness has made the court's task of addressing the fees issue less difficult. The court does not find that the time spent on this motion was unreasonable. The court does, however, agree with Yellow Cab that the five hours spent on the specific task of compiling time records should be billed at the $120 administrative rate instead of the full $400 per hour rate, as this is more of an administrative task. The court will reduce the award accordingly.

**6. Category F-Other**

Ms. Keyser-Cooper spent 10.65 hours in this category. (Doc. # 32 at 20, n. 17.) This category included communications with opposing counsel, review of court docket filings, and discovery. (*Id.*) Ms. Vaillancourt spent 3.7 hours in this category. (*Id.*)

The court has reviewed the time entries in this category and finds them to be reasonable.

**7. Category G-Administrative**

Ms. Keyser-Cooper spent 1.85 hours in this category. (Doc. # 32 at 20, n. 18.)

1  Ms. Vaillancourt spent 2.8 hours in this category. (*Id.*) This was billed at the $120 per hour rate.

2  (*Id.*)

3  The court has reviewed the time entries in this category and finds them to be reasonable.

4        **8.  Supplemental Fees Requested**

5            **a.  Reply Brief**

6       Ms. Keyser-Cooper asserts that she spent an additional 15.7 hours ($6,280) on her reply

7  brief in support of the original fees motion. (Doc. # 78 at 12.)[5] The reply brief is twenty-one

8  pages (exclusive of exhibits) and sets forth extensive argument responding to Yellow Cab's

9  assertion that Plaintiffs were not prevailing parties and that the fees requested are excessive.

10  (Doc. # 40.) As the Douds' assert, these attorneys have taken this case on a contingency basis,

11  and the only relief allowed is injunctive in nature. Therefore, it is understandable that

12  Ms. Keyser-Cooper and Ms. Vaillancourt would provide a very thorough response to Yellow

13  Cab's attacks to their motion for fees.  In the Ninth Circuit, fees incurred in collecting fees are

14  recoverable. *See Spain v. Mountanos,* 690 F.2d 742, 747 (9th Cir. 1982). The court finds the time

15  spent on the reply brief to be reasonable.

16            **b.  Oral Argument for Fees Motion**

17       Ms. Keyser-Cooper asserts that she spent 4.7 hours ($1,880) in preparing for and

18  attending oral argument on the fees motion. (Doc. # 78 at 12; Doc. # 78-3 at 8.) The court finds

19  this time to be reasonable.

20          **c.  Additional Negotiations to Settle the Fees Issue**

21       Ms. Keyser-Cooper asserts that she has expended an additional 42.95 hours ($17,180)

22  since the oral argument on efforts to resolve the dispute, along with the fees issue. (Doc. # 78 at

23  13.) The court has reviewed these additional time entries, and finds them to be reasonable, with a

24  few exceptions noted below.

25       First, the Douds seek fees for three hours spent on an errata and request for supplemental

26  briefing on the fees motion. The errata and request for supplemental briefing (Doc. # 58) was

27

28       [5] The time records indicate that 15.2 hours were spent on the reply, with .5 hours spent on trying to settle the fees issue. (Doc. # 78-2 at 22.) This is of no importance, as the time spent trying to settle the fees issue is also compensable.

1    ultimately withdrawn (Doc. # 65 at 2). This errata and request is five pages long and was simply

2    an effort to re-hash contentions made at oral argument. The court finds that this document was

3    unnecessary, and will reduce the requested fees as such.

4         Second, the Douds seek fees for one hour spent drafting an emergency motion on

5    March 10, 2015. This motion (Doc. # 72) improperly disclosed confidential settlement

6    communications, and the court admonished Plaintiffs' counsel regarding the impropriety of the

7    filing. The document reflected Plaintiffs' unhappiness with the result of the settlement

8    conference, and sought the court's intervention. The court declined to act on this motion,

9    viewing it as unnecessary. For the same reasons, the Douds should not be allowed to recover fees

10   for the filing of this motion.

11        Finally, the Douds seek fees for three hours spent on the motion to supplement the

12   request for attorneys' fees, and four hours for research related to this motion. The court already

13   determined the Douds were entitled to fees, yet counsel spent unnecessary time setting forth the

14   standard for granting fees and re-asserting arguments made in the initial briefing on the fees

15   issue. Instead, Plaintiffs should have simply requested the additional fees and provided the

16   supporting documentation. The court will reduce the amount compensable for these tasks to a

17   total of 1.5 hours (a reduction of 5.5 hours).

18   **E. Costs**

19        42 U.S.C. § 12205 permits the court to award litigation expenses and costs to the

20   prevailing party in a case brought pursuant to the ADA. Federal Rule of Civil Procedure 54

21   likewise provides that costs should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1).

22   The costs allowed are identified in 28 U.S.C. § 1920, and include, *inter alia*, "[f]ees of the clerk

23   and marshal," "[f]ees for printed or electronically recorded transcripts necessarily obtained for

24   use in the case" and "costs of making copies of any materials where the copies are necessarily

25   obtained for use in the case."

26   ///

27   ///

28   ///

1    Plaintiffs seek to recover the following costs:

| Description | Amount |
| --- | --- |
| Case filing fee | $400 |
| Transcript of NTA hearing | $30.25 |
| Service of process | $37 |
| Copies of court documents in Second Judicial District Court re prior litigation, *Encoe v. Yellow Cab* | $49.50 |
| Copies of court documents in Second Judicial District Court re prior lawsuits, *Yellow v. NTA* | $25.50 |
| Copies of court documents in Second Judicial District Court regarding prior lawsuits against Yellow Cab | $9 |
| Travel expenses of James and Melodie Doud to ENE hearing on April 16, 2015 | $575.76 (plane tickets and car rental) |
| Depositions of Roy Street, Frank Street, and Mohammed Parvez | $1,959 |
| James Doud Travel expenses to Nevada for depositions in December 2014 | $240 (air fare) $193.05 (hotel) |
| James and Melodie Doud travel costs for March 5, 2015 settlement conference | $480 (air fare) $123 (hotel) |

"Out-of-pocket" expenses such as travel, courier and copying costs are reimbursable. *See Davis v. City & County of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992), *vacated on other grounds by* 984 F.2d 345 (9th Cir. 1993); *see also Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010). Therefore, Plaintiffs may recover the travel expenses and copying costs.

The transcript fees are recoverable under 28 U.S.C. § 1920(2).

Clerk's fees (28 U.S.C. § 1920), docket fees (28 U.S.C. § 1923) and marshal's fees (28 U.S.C. § 1921) are allowable by statute. Fees of authorized process servers are ordinarily taxable. LR 54-2. Therefore, Plaintiffs may recover the filing fee and process server costs.

## V. CONCLUSION

The Douds' motion to supplement their motion for interim attorneys' fees (Doc. # 78) is **GRANTED**, as set forth herein.

///

- 21 -

1       The total amount of attorneys' fees awarded to the Douds is **$152,273**. The total amount

2   of costs awarded to the Douds is **$4,122.06.**

3   **IT IS SO ORDERED.**

4   DATED: May 18, 2015

                                         WILLIAM G. COBB

5                                            UNITED STATES MAGISTRATE JUDGE