UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES DOUD and MELODIE DOUD,<br><br>Plaintiffs,<br><br>v.<br><br>YELLOW CAB OF RENO, INC.,<br><br>Defendant. | 3:13-cv-00664-WGC<br><br>**ORDER**<br><br>Re: Doc. # 97-Pls.' Mtn. for Leave to File Pls.' Oppo. to Def.'s Mtn. to Enforce Settlement Agreement Under Seal |

Before the court is Plaintiffs' Motion to File Opposition to Defendant's Motion to Enforce Settlement Agreement Under Seal. (Doc. # 97.) Plaintiffs seek leave to file their opposition (Doc. # 98) to Defendant's motion to enforce the settlement agreement (Doc. # 95) under seal because the opposition "concerns matters that were discussed in confidential mediation discussions with the Ninth Circuit and also references conversations related to such confidential discussions." (Doc. # 97 at 1.)

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025(9th Cir. Mar. 20, 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right

1 of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of
2 access is the starting point." *Id*. (internal quotation marks and citation omitted). A motion to seal
3 documents that are part of the judicial record, or filed in connection with a dispositive motion,
4 must meet the "compelling reasons" standard outlined in *Kamakana*.

5 Thus, a party seeking to seal judicial records must show that "compelling reasons
6 supported by specific factual findings...outweigh the general history of access and the public
7 policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh
8 relevant factors including "the public interest in understanding the judicial process and whether
9 disclosure of the material could result in improper use of the material for scandalous or libelous
10 purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665,
11 679 n. 6 (9th Cir. 2010) (internal quotation marks and citation omitted). While the decision to
12 grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate
13 its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

14 First, the court finds that this motion is filed in connection with Defendant's motion to
15 enforce a settlement agreement which is potentially case dispositive; therefore, Plaintiffs are
16 required to set forth compelling reasons for sealing their opposition to the motion.

17 Second, the court does not find that compelling reasons exist for sealing Plaintiffs' entire
18 opposition. The reason given for sealing the opposition is that it concerns matters discussed in
19 confidential mediation discussions with the Ninth Circuit and references conversations related to
20 those discussions. Ninth Circuit Rule 33-1 provides that persons participating in the Ninth
21 Circuit's Mediation Program "must maintain the confidentiality of the settlement process" and its
22 confidentiality provisions "apply to any communication made at any time in the Ninth Circuit
23 mediation process" and cover communications made by a "Circuit Mediator, any party, attorney,
24 or other participant in the settlement discussions." Circuit Rule 33-1(c)(4). In fact, the Circuit
25 Rules provide that these persons cannot disclose communications from the mediation "to anyone
26 who is not a participant in the mediation[.]" Circuit Rule 33-1(c)(4)(B).

27 The court has reviewed Plaintiff's opposition, and out of thirty pages, only one page
28 makes substantive reference to communications concerning the Ninth Circuit mediation process.

1. (Doc. # 98 at 4:3-4, 10-12, 15-19.) Two exhibits to the opposition also reference an offer conveyed in connection with the Ninth Circuit mediation and communications with the Ninth Circuit Mediator. (Doc. # 98 at 41, 67.)

There is no basis for sealing the entirety of the opposition when only one page of the documents and portions of two exhibits reference confidential communications made in connection with the Ninth Circuit mediation. More importantly, pursuant to Ninth Circuit Rule 33-1, these communications should have been kept confidential and should not have been disclosed to any one not a part of the mediation, *including this court*. Additionally, these communications are extraneous to Defendant's motion to enforce a settlement agreement which is based on a demand made entirely separate from that advanced during the mediation, and to which Plaintiffs' response is that separate demand was revoked prior to acceptance.

Therefore, Plaintiffs' motion (Doc. # 97) is **DENIED**. Because the opposition contains confidential communications that are precluded by Circuit Rule 33-1 from dissemination to the public, the Clerk shall leave that document (Doc. # 98) **UNDER SEAL**; however, Plaintiff shall file **WITHIN FIVE DAYS OF THE DATE OF THIS ORDER** a new opposition to the motion which will be available to the public with no changes except that what is currently set forth at Doc. # 98, page 4, lines 3 through 19 of the opposition, Doc. # 98 at 41, and the two lines referencing an offer made in connection with the Ninth Circuit mediation at Doc. # 98 at 67 shall be **REDACTED**. As there are no substantive changes to the opposition, Defendant's reply brief is still due, pursuant to Local Rule 7-2(c), on or before **JUNE 22, 2015,** taking into account that the opposition was served by mail. *See* Fed. R. Civ. P. 6(a)(1), (d).

**IT IS SO ORDERED**.

Dated: June 11, 2015.

_____
**WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE**