UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES DOUD and MELODIE DOUD,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>YELLOW CAB OF RENO, INC.,<br><br>　　　　　　　　　　　Defendant. | 3:13-cv-00664-WGC<br><br>**ORDER**<br><br>Re: Doc. # 103 |

　　　Before the court is defendant Yellow Cab of Reno, Inc.'s (Yellow Cab) Motion for Sanctions. (Doc. # 103.)[1] Plaintiffs James Doud and Melodie Doud (the Douds) filed a response and cross-motion for sanctions. (Doc. # 106.) Yellow Cab filed a reply in support of its motion. (Doc. # 107.) Yellow Cab also filed a response to the Douds' cross-motion (Doc. # 108), and the Douds filed a reply. (Doc. # 109.) The court heard argument on the motions on August 3, 2015. (*See* Minutes at Doc. # 110.) At the hearing, the court denied the Douds' cross-motion, finding that it was without merit and not properly supported, and took Yellow Cab's motion under submission. (Doc. # 110.) Therefore, this order focuses solely on Yellow Cab's motion for sanctions.

## **I. BACKGROUND**

　　　The factual background and procedural history of this case are set forth in detail in various orders issued by the court, and need not be repeated here. (*See, e.g.,* Doc. # 117.) Yellow Cab's motion is based on its contention that the Douds' counsel, Terri Keyser-Cooper, disseminated confidential settlement communications from a March 5, 2015 settlement conference with the Honorable Robert A. McQuaid, Jr., Recalled United States Magistrate Judge, and a mediation proceeding with the Ninth Circuit related to the appeal Yellow Cab has

---

[1] Refers to court's docket number.

taken of United States District Judge Miranda M. Du's order granting Plaintiff's motion for a preliminary injunction. (Doc. # 103.)

Specifically, Yellow Cab asserts that Ms. Keyser-Cooper improperly disclosed confidential settlement communication in: (1) the Douds' March 10, 2015 emergency request for a status conference (Doc. # 72) (which was accessed by Associated Press reporter Scott Sonner before it was sealed by the court resulting in Mr. Sonner publishing several articles about the status of the negotiations and the parties' positions (*see* Doc. # 103 at 12-13, Doc. # 106-2 at 2-3, Doc. # 107-1 at 2-3); (2) the Douds' April 27, 2015 request for telephonic status conference (Doc. # 88); and (3) the Douds' response to Yellow Cab's motion to enforce settlement (Doc. # 98).

In support of its motion, Yellow Cab relies on Ninth Circuit Rule 33-1 which precludes the disclosure of communications made by parties to a Ninth Circuit mediation to anyone not a participant in the mediation. (Doc. # 103 at 6-7.) In addition to the Ninth Circuit mediation communications, Yellow Cab argues that *all* settlement communications are confidential. (*Id*. at 7.) Yellow Cab further contends that Ms. Keyser-Cooper improperly disclosed that Yellow Cab represented it may be forced to file for bankruptcy protection if it were forced to pay the "exorbitant" legal fees requested, that this information was conveyed to Mr. Sonner who wrote an article which has been detrimental to Yellow Cab. As a result, Yellow Cab asks the court to strike the Douds' complaint and dismiss this case, or alternatively, to enforce the settlement between the parties in the amount of $25,000 only, and vacate the court's May 18, 2015 order awarding attorneys' fees and costs to the Douds, and that Ms. Keyser-Cooper be ordered to Pay Yellow Cab's attorney's fees and costs in preparing this motion and the motion to enforce settlement. (Doc. # 103 at 5, 9.)

The Douds, on the other hand, argue that settlement negotiations that take place outside of the formal mediation process are not confidential, and that the settlement discussions held in connection with the settlement conference in the United States District Court for the District of Nevada are not confidential. (Doc. # 106 at 1, 5.) The Douds concede that Ninth Circuit Rule 33-1 provides for confidentiality of Ninth Circuit mediations and admits that counsel erroneously

referenced communications with the mediator in her motion to enforce the settlement, but maintains that this was a mistake and was not done in bad faith. (*Id.* at 5 n. 3.) The Douds point out that the District of Nevada lacks a local rule protecting the confidentiality of settlement conference communications, and the rules provide only for the confidentiality of the settlement conference statement. (*Id.* at 6, n. 4, citing Local Rule 16-5 and 16-6(f)(2).) Nor is there a federal common law mediation privilege. (*Id.* at 6, n. 4.) The Douds also point out that Yellow Cab itself filed various "confidential communications" in the public record when former counsel filed a motion to enforce settlement agreement. (*Id.* at 7.)

Ms. Keyser-Cooper contends that she did not provide confidential communications to the press, but instead, Mr. Sonner found the document by checking PACER and he obtained most of the information from Yellow Cab's former counsel, Ms. Bumgarner. (*Id.* at 7-15.) The Douds contend that this motion is just a ploy by Yellow Cab to avoid paying the attorneys' fees and costs awarded by the court. (*Id.* at 2.) They assert that the possibility of bankruptcy was not mentioned during the District of Nevada mediation, but in subsequent discussions and was not confidential, and Yellow Cab's former counsel was the one who discussed the topic with Mr. Sonner. (*Id.* at 16.) Ms. Keyser-Cooper urges that Ms. Bumgarner kept threatening that Yellow Cab would file for bankruptcy protection unless she reduced the amount of fees she was requesting, but the Douds believed that Yellow Cab's owner, Roy Street, was a wealthy man, and it was in this context that Ms. Keyser-Cooper filed the emergency request for a status conference (where she sought to add Mr. Street as a party and re-open discovery into Yellow Cab's ability to pay). (*Id.* at 17.)

In its reply, Yellow Cab responds that while Ms. Keyser-Cooper may not have directly provided the emergency request to Mr. Sonner, she facilitated his access to the document by filing the document in the public domain in the first place. (Doc. # 107 at 2.) Yellow Cab maintains that the disclosure of confidential settlement communications "have irreparably tainted any outcome of this matter and caused injury to Yellow Cab." (*Id.* at 2-3.) Yellow Cab repeats its argument that settlement discussions are confidential to promote candor and make the process effective. (*Id.* at 3.) It contends that follow up settlement discussions are likewise protected. (*Id.*

at 5-6.) Yellow Cab also cites Nevada Revised Statute 48.105 and Federal Rule of Evidence 408 in support of its position that all of the disclosures made by Ms. Keyser-Cooper should have remained confidential. (*Id.* at 7-8.)

## II. DISCUSSION

The only basis Yellow Cab asserts for the court to award the sanctions sought is the court's inherent authority.

**A. The Court's Inherent Authority to Issue Sanctions**

A federal district court has inherent authority to sanction conduct abusive of the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). This power, however, is to be exercised with restraint and discretion. *Id.* at 44. "Before imposing sanctions under its inherent sanctioning authority, a court must make an explicit finding of bad faith or willful misconduct." *In re Dyer*, 322 F.3d 1178, 1196 (9th Cir. 2003); *see also Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions. *See In re Girardi,* 611 F.3d 1027, 1061 (9th Cir. 2010); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001); *Fink*, 239 F.3d at 994. Mere negligence or recklessness alone will not suffice. *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009).

When a party seeks dismissal as a sanction, the court must weigh five factors before imposing such a sanction: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its dockets, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring the disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995).

The basis for Yellow Cab's motion is that Ms. Keyser-Cooper disclosed confidential settlement communications on three occasions: (1) in the Douds' March 10, 2015 emergency request for a status conference (Doc. # 72); (2) in the Douds' April 27, 2015 request for a telephonic status conference (Doc. # 88); and (3) in the Douds' June 10, 2015 response to Yellow Cab's motion to enforce settlement (Doc. # 98).

**B. The Douds' March 10, 2015 Emergency Request for Status Conference**

The parties participated in a settlement conference with Judge McQuaid on March 5, 2015, but were unsuccessful in resolving this matter. (*See* Minutes at Doc. # 71.) On March 10, 2015, Ms. Keyser-Cooper filed the Douds' emergency request for a status conference. (Doc. # 72.) That document disclosed what Yellow Cab had offered at the settlement conference with Judge McQuaid, and also discussed offers made in connection with the Ninth Circuit mediation process.

The purpose of these disclosures, as explained by Ms. Keyser-Cooper, was to alert the court to what she viewed as the employment of bad faith litigation tactics by Yellow Cab, as it had decreased its opening offer, and then threatened to file for bankruptcy protection if Ms. Keyser-Cooper did not lower the amount of fees she was requesting in connection with her success on the ADA Title I claim. More specifically, the Douds viewed Yellow Cab's owner, Roy Street, to be a wealthy man, and believed that Yellow Cab's threat of filing bankruptcy was a sham, and Ms. Keyser-Cooper thought it was necessary to re-open discovery to ascertain the assets of Yellow Cab and Mr. Street and to add Mr. Street as a defendant.

The court held a status conference on March 12, 2015. (*See* Minutes at Doc. # 74.) At the outset, the court expressed its concern regarding the apparent disclosure of confidential information in Plaintiff's request. (*Id.*)

As the court advised Ms. Keyser-Cooper at the hearing, the more appropriate course of conduct under these circumstances would have been to simply file a motion to re-open discovery and a motion to amend the complaint to add Mr. Street as a defendant, without disclosing any particulars of the settlement conference (the Douds declined to do so). (*See* Doc. # 74.) In view of the fact that the filing contained confidential information that should not have been disseminated to the public, the court sealed the request. (*Id.*)

Yellow Cab contends that even though the court ultimately sealed the request, that was not done before the request found its way into the hands of Associated Press reporter Scott Sonner, who then published articles disseminating this information.

**B. Yellow Cab's March 31, 2015 Motion for Sanctions or, Alternatively, to Compel Settlement**

On March 31, 2015, Yellow Cab, through former counsel, Ms. Bumgarner, filed a motion for sanctions or, alternatively, to compel settlement. (Doc. # 80.) While Yellow Cab now complains about Ms. Keyser-Cooper's disclosure of confidential settlement communications, Yellow Cab's earlier motion specifically discloses settlement offers made by Yellow Cab at the March 5, 2015 settlement conference with Judge McQuaid, as well as subsequent offers made in connection with the Ninth Circuit mediation process and other negotiations between the parties. While Yellow Cab designated this motion as sealed, it was not accompanied by a motion for leave to file the document under seal, in accordance with the local rules. The court gave Yellow Cab the opportunity to submit a motion for leave to file this motion under seal, but it never did, which resulted in the court denying the motion without prejudice. (*See.* Docs. # 81, # 85.) Because the document referenced Ninth Circuit mediation settlement communications, the court left the filing under seal. (Doc. # 85.) Had the court not utilized its discretion to keep the document under seal, this information would have been available to the public.

**C. The Douds' April 27, 2015 Request for Telephonic Status Conference**

On April 27, 2015, Ms. Keyser-Cooper filed a request for telephonic status conference (Doc. # 88) on behalf of the Douds, which was accompanied with a motion for leave to have the request filed under seal (Doc. # 87). The court granted the motion for leave, and sealed the request for a status conference. (Doc. # 89.) The motion asked to discuss an order requiring Yellow Cab to produce its financial records before the Ninth Circuit mediation, which was scheduled for June 6, 2015. (Doc. # 88.) The motion was predicated on representations Yellow Cab had apparently made during the course of discussions with the Ninth Circuit mediator. The motion spoke in generalities and did not disclose the specifics of any offers made or rejected, but like the prior request, indicated the Douds' concern over whether Yellow Cab's financial status and its ability to pay any judgment obtained by the Douds in this case.

Yellow Cab's current counsel, Mr. Pintar, substituted into this action on May 1, 2015. (Docs. # 91, # 92.)

1    The court held a status conference on June 5, 2015. (*See* Minutes at Doc. # 96.) In the
2 interim, Mr. Pintar filed a motion to enforce settlement agreement on behalf of Yellow Cab.
3 (Doc. # 95.) At the status conference, Ms. Keyser-Cooper advised the court that the issue raised
4 in the request (Doc. # 88) was now moot due to changed circumstances in the case. (*Id*.)

**D. The Douds' Response to Yellow Cab's Motion to Enforce Settlement Agreement**

6    On June 10, 2015, the Douds filed their response to Yellow Cab's motion to enforce
7 settlement, which was accompanied by a motion for leave to file the response under seal. (Docs.
8 # 97, 98.) As a basis for seeking leave to file the response under seal, the Douds asserted that the
9 document "concerns matters that were discussed in confidential mediation discussions with the
10 Ninth Circuit and also references conversations related to such confidential discussions."
11 (Doc. # 97 at 1.)

12    The court did not find there were compelling reasons to seal Plaintiff's entire response.
13 (Doc. # 99.) The court acknowledged that Ninth Circuit Rule 33-1 precludes the disclosure of
14 communications made in connection with the Ninth Circuit mediation process, but a review of
15 the Douds' response revealed that only one of the thirty pages of the Douds' response and two
16 exhibits made substantive reference to communications concerning the Ninth Circuit mediation
17 process. (Doc. # 99 at 2-3, citing Doc. # 98 at 4:3-4, 10-12, 15-19, and Doc. # 98 at 41, 67.) The
18 court advised the parties that Ninth Circuit Rule 33-1 required that the parties keep these
19 communications confidential from anyone not a party to the mediation, including this court.
20 (Doc. # 99 at 3.) Moreover, the communications were extraneous to the basis for Yellow Cab's
21 motion, which was based on an entirely separate offer made to settle the case. (*Id*.) The court
22 ordered that the Clerk keep Plaintiff's filing (Doc. # 98) under seal, but ordered Plaintiff to file a
23 new response to Yellow Cab's motion redacting the substantive references to the Ninth Circuit
24 mediation communications. (*Id*.)

25    The Douds filed a redacted response (Doc. # 100); however, the information that was
26 supposed to be redacted from the exhibits could still be viewed when enlarged. As a result, the
27 Clerk sealed the exhibits, and the Douds filed an errata properly redacting the information in the
28 exhibits (Doc. # 101).

The communications disclosed in the initial response are generally the same as those that had previously been disclosed by both Ms. Keyser-Cooper in her first emergency request for a settlement conference (Doc. # 72) *and* by Yellow Cab in its first motion for sanctions or to enforce settlement agreement (Doc. # 80).

**E. Analysis**

First, the parties do not dispute that Ninth Circuit Rule 33-1, in order "[t]o encourage efficient and frank settlement discussions," and "to achieve strict confidentiality of the mediation process," requires any person participating in a Ninth Circuit mediation to "maintain the confidentiality of the settlement process." Ninth Circuit Rule 33-1(c)(4). Therefore, neither Ms. Keyser-Cooper nor Ms. Bumgarner should have disclosed settlement communications made in connection with the Ninth Circuit mediation process.

Second, as to the settlement conference conducted by Judge McQuaid in this district, neither the United States Supreme Court nor the Ninth Circuit has recognized a federal common law mediation privilege, and this court declines to do so at this juncture.

The Local Rules of the District of Nevada do not currently contain a provision for confidentiality of settlement communications. The local rules committee has proposed such a rule, consistent with 28 U.S.C. § 652(d)[2], but the proposed amendments to the rules are still under review. Ms. Keyser-Cooper is correct that Judge McQuaid's order setting the settlement conference only required that the parties maintain the confidentiality of the settlement conference *statements*, but did not contain a provision governing the confidentiality of communications made during the course of the settlement conference. (Doc. # 57.) While it is the court's view that it is generally the practice of attorneys practicing in this district to maintain the confidentiality of communications made during settlement conferences conducted by the judges in this district, there is currently no rule mandating this practice. Therefore, there is no local rule

---

[2] 28 U.S.C. § 652 provides: "each district court shall by local rule adopted under section 2071(a), require that litigants in all civil cases consider the use of an alternative dispute resolution process at an appropriate stage in the litigation." 28 U.S.C. § 652(a). It further provides that "[u]ntil such time as rules are adopted under chapter 131 of this title [28 U.S.C.A. § 2071 et. seq.] providing for the confidentiality of alternative dispute resolution processes under this chapter [28 U.S.C.A. § 651 et. seq.], each district court shall, by local rule adopted under section 2071(a), provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications." 28 U.S.C. § 652(d).

1  or order that requires that settlement communications made during a settlement conference
2  conducted by one of the judges in this district must remain confidential.
3     Yellow Cab relies on Federal Rule of Evidence 408 in support of its argument that the
4  settlement communications must be kept confidential. This rule provides that "[e]vidence of
5  conduct or statements made in compromise negotiations is [ ] not admissible." This rule governs
6  the *admissibility* of settlement communications. Fed. R. Evid. 408. This would concern whether
7  a settlement communication can be considered at trial or in connection with a dispositive motion,
8  not whether it can be disclosed (or discovered for that matter) in other settings.
9     Finally, Yellow Cab contends that Nevada Revised Statute 48.105 requires that the
10 confidentiality of these communications be maintained. "State law governs [the assertion of a]
11 privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R.
12 Evid. 501. The Douds have only one remaining State law claim in this action. Where a case
13 involves both federal and state law claims and the evidence would relate to both sets of claims,
14 the court is not bound by state law on privilege. *Agster v. Maricopa Cnty.*, 422 F.3d 836, 839
15 (9th Cir. 2005). Rather, federal privilege law governs. *Id.*; *see also Facebook, Inc. v. Pac. Nw.*
16 *Software, Inc.*, 640 F.3d 1034, 1038, 1041 (9th Cir. 2011) (applying state contract law to
17 determine whether in mediation the parties reached an enforceable settlement of the federal and
18 state law claims, but applying federal privilege law to determine what evidence from mediation
19 was admissible in support of that determination).
20    Therefore, the court cannot conclude that Ms. Keyser-Cooper violated any recognized
21 federal privilege, local rule or court order in disclosing communications made during the
22 settlement conference conducted by Judge McQuaid.
23    Ms. Keyser-Cooper admits that she mistakenly disclosed communications made in
24 connection with the Ninth Circuit mediation process. The court finds that she sufficiently
25 explained her reasoning for doing so in the March 10, 2015 request for status conference (Doc. #
26 72) when she, perhaps improvidently, filed the request because she thought it may be necessary
27 to re-open discovery and add Mr. Street as a party. She should have simply filed a motion to re-
28

1 open discovery and add Mr. Street as a party, but there is no evidence that her conduct was
2 willful or taken in bad faith.
3   As the court indicated above, the next request for a status conference merely spoke in
4 generalities and did not disclose the specifics of any offers made or rejected. Nothing further was
5 divulged as the Douds ended up declaring the issue to be moot at the status conference.
6   Finally, the references to settlement discussions in the Douds' response to Yellow Cab's
7 second motion to enforce settlement were given as a way of background information to support
8 the Douds' argument that there was no settlement. These references were generally the same as
9 those already made by both the Douds and Yellow Cab. Ms. Keyser-Cooper explained that she
10 thought she was complying with the law when she sought to file the response under seal, and the
11 court advised her that it is not enough that the communications be sealed from public view, but
12 they should not have been disclosed to the court either.
13   While the disclosures were ill-considered and imprudent, the court does not view these
14 limited disclosures to have been made in bad faith, particularly when Yellow Cab turned around
15 and disclosed the exact same information to the court when it initially sought to sanction the
16 Douds or enforce a settlement (Doc. # 80). Yellow Cab cannot argue that it is bad faith for Ms.
17 Keyser-Cooper to have disclosed the information, and ignore the fact that it proffered the same
18 information to the court when it was to its advantage. As a result, there is no basis for imposing
19 any sanction under the court's inherent power.
20   Even if the court found Ms. Keyser-Cooper's conduct was tantamount to bad faith, the
21 circumstances here would not support a dismissal of this action.
22   First, the public has an interest in expeditious resolution of litigation; however, this
23 matter was set for trial in September and was only recently continued to October to
24 accommodate defense counsel's trial schedule. There, would be no real benefit to the public in
25 dismissing this case at this point.
26   Second, the court surely has a need to manage its dockets, but the court cannot discern
27 that this factor has any impact in this instance.
28

1         Third, the court must determine the risk of prejudice to Yellow Cab. Yellow Cab
2 contends that as a result of Ms. Keyser-Cooper's conduct, it will not receive a fair trial. Yellow
3 Cab's contention ignores the fact that it disclosed this same information to the court when it filed
4 its initial motion for sanctions or to enforce a settlement. Moreover, the court assured Yellow
5 Cab's current counsel that these disclosures have not affected the court's ability to be fair and
6 impartial in the slightest. In light of Mr. Sonner's being able to access the Douds' request for a
7 status conference (Doc. # 72) on Pacer before the court ordered it sealed, Mr. Pintar may have to
8 ask prospective jurors whether they have heard of this case in the news during voir dire;
9 however, the court does not view this as prejudicial as this is contemplated in any case that may
10 attract public notoriety.
11        Fourth, the public policy favoring the disposition of cases on their merits weighs against
12 imposing the sanction of dismissal.
13        Finally, if the court had found Ms. Keyser-Cooper's conduct was tantamount to bad faith,
14 the court is certain that Yellow Cab could certainly propose a sanction less drastic than dismissal
15 of this action. As Ms. Keyser-Cooper points out, the court did not permit her to recover
16 attorney's fees for the time she spent drafting that emergency request. Nor is the court likely to
17 award her supplemental fees related to the time spent drafting the portions of the opposition to
18 the motion to enforce settlement that contained confidential communications, or the time she
19 spent redacting that information and submitting a new filing.
20        In sum, while the court is not pleased with Ms. Keyser-Cooper's carelessness in
21 disclosing confidential settlement communications, it does not find her conduct tantamount to
22 bad faith, particularly when Yellow Cab engaged in the same conduct. Therefore, Yellow Cab's
23 motion for sanctions (Doc. # 103) is **DENIED**.
24 **IT IS SO ORDERED**.

Dated: August 19, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE