1
2
3
4                        UNITED STATES DISTRICT COURT

5                             DISTRICT OF NEVADA

6   JAMES DOUD and MELODIE DOUD,              Case No. 3:13-cv-00664-WGC

7                              Plaintiffs,    **ORDER**

8          v.                                 Re: Doc. # 130

9   YELLOW CAB OF RENO, INC.,

10                             Defendant.

11

12          Before the court is defendant Yellow Cab of Reno, Inc.'s (Yellow Cab) Motion for

13   Reconsideration of This Court's Order Granting Interim Attorney's Fees Dated May 18, 2015.

14   (ECF No. 130.)[1]

15          The court finds Yellow Cab's motion to be completely without merit; therefore, it issues

16   the instant order denying the motion even though the Douds have not had an opportunity to

17   respond in order to conserve time and resources of both the parties and the court.

18                              **I. BACKGROUND**

19          On September 8, 2015, Yellow Cab filed the instant motion, seeking reconsideration of

20   the court's May 18, 2015 order granting Plaintiff's motion for an interim award of attorney's fees

21   (ECF No. 94). This motion for reconsideration is filed nearly four months after the entry of the

22   order at issue. Yellow Cab acknowledges that that the Douds obtained a preliminary injunction

23   from District Judge Du, and subsequently obtained summary judgment on their denial of service

24   claims under the Americans with Disabilities Act (ADA) and that the court determined they were

25   entitled to prevailing party status as a result. Nevertheless, Yellow Cab urges the court to

26   reconsider its order awarding the Douds interim attorneys' fees based on this prevailing party

27   finding because: (1) the Douds' only prevailed on one of the claims raised in the motion for

28   ────────────────

       [1] Refers to court's Electronic Court Filing number.

1  partial summary judgment; (2) the time spent on the motion for partial summary judgment was

2  duplicative of that spent on the motion for preliminary injunction; (3) the Douds should not be

3  able to recover for 1.1 hours spent on an interview with Channel 4; (4) the $400 hourly rate

4  awarded to Ms. Keyser-Cooper is excessive and not in line with the prevailing market rate in

5  Reno, and Ms. Keyser-Cooper should only be awarded a rate of $165 per hour or less.

6  **II. LEGAL STANDARD**

7  　　　The Federal Rules of Civil Procedure do not contain a provision governing the review of

8  interlocutory orders. "As long as a district court has jurisdiction over the case, then it possesses

9  the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause

10  seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254

11  F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted).

12  This inherent power is grounded "in the common law and is not abridged by the Federal Rules of

13  Civil Procedure." *Id*. at 887. While other districts in the Ninth Circuit have adopted local rules

14  governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this

15  district has used the standard for a motion to alter or amend judgment when confronted with a

16  motion to reconsider an interlocutory order. *See, e.g., Henry v. Rizzolo*, No. 2:08-cv-00635-PMP-

17  GWF, 2010 WL 3636278, at * 1 (D. Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling

18  Solutions*, No. 3:08-cv-00353-RCJ-VPC, 2010 WL 1727841, at *1-2 (D. Nev. Apr. 27, 2010)).

19  　　　Therefore, in this district, a motion for reconsideration should set forth: "(1) some valid

20  reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing

21  nature' in support of reversing the prior decision." *Rizzolo*, 2010 WL 3636278, at * 1 (citation

22  omitted). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with

23  newly discovered evidence, (2) committed clear error or the initial decision was manifestly

24  unjust, or (3) if there is an intervening change in controlling law." *Id*. (citation omitted).

25  **III. DISCUSSION**

26  　　　Here, the court has not been presented with newly discovered evidence and there has

27  been no intervening change in controlling law; therefore, Yellow Cab's motion must be premised

28  on the theory that the court committed clear error or that the court's initial decision was

1   manifestly unjust. The record does not support Yellow Cab's theory of reconsideration. Instead,

2   Yellow Cab improperly seeks reconsideration by merely asserting arguments that it asserted or

3   should have asserted in its original response to the Douds' motion for fees and costs.

4          First, the court did not commit clear error in awarding the Douds attorneys' fees and costs

5   after finding they were the prevailing party when they were only successful on one of the claims

6   raised in their motion for partial summary judgment. The Douds sought summary judgment as to

7   their first, fourth and sixth causes of action, which all relate to the denial of service. The motion

8   requested summary judgment as to the second cause of action, Mr. Doud's associational claim

9   related to termination from his job with Yellow Cab; however, the Douds clarified that this was

10  in error in their reply brief. (*See* ECF No. 69 at 3 n. 2.) The court granted the Douds' motion as

11  to the first cause of action for denial of service under Title III of the ADA, but denied summary

12  judgment as to the fourth cause of action for violation of Nevada Revised Statute 706.361 and

13  the sixth cause of action for tortious failure to furnish facilities to a member of the public.

14         The results obtained by the prevailing party are relevant to the court's fee award analysis.

15  *Hensley*, 461 U.S. at 434. This determination is made by answering two questions: "First, did the

16  plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded?

17  Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a

18  satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434.

19         Here, the answer to the first question is no. Claims are related if "they involve a common

20  core of facts or are based on related legal theories." *Thomas v. City of Tacoma*, 410 F.3d 644,

21  649 (9th Cir. 2005) (internal quotation marks and citation omitted). There can be no question that

22  the Title III ADA denial of service claim on which the Douds prevailed is the gravamen of this

23  case, and that the State law claims on which the Douds did not prevail on summary judgment are

24  clearly related as they all arise from the same common core set of facts: Yellow Cab's denial of

25  service to the Douds based on Mrs. Doud's disability.

26         The answer to the second question is yes. The Douds achieved a level of success that

27  makes the hours reasonably expended a satisfactory basis for making a fee award. "Where a

28  plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."

CASE 3:13-cv-00664-WGC   Document 131   Filed 09/10/15   Page 4 of 7

1    *Hensley*, 461 U.S. at 435. "There is no precise rule or formula for making these determinations"

2    and "[t]he court necessarily has discretion in making this equitable judgment." *Id*. at 436-37.

3    Proportionality is not the test to be utilized by the courts. *Hensley*, 461 U.S. at 435 n. 11.

4         As the court stated in its order on the fees motion, the Douds obtained a preliminary

5    injunction and are entitled to a permanent injunction by virtue of the order granting summary

6    judgment as to the Title III ADA denial of service claim. This is all the relief they could obtain

7    under the ADA; therefore, they achieved an excellent result, and should be compensated as such.

8         The Ninth Circuit has since commented that "[f]ailure on a claim does not automatically

9    reduce the fee award." *Padgett v. Loventhall*, 706 F.3d 1205, 1209 (9th Cir. 2013) (citing

10   *Hensley*, 461 U.S. at 436).

11        Often, attorney work will bear on multiple claims, only some of which are
         successful. Fees for work which relates *only* to unsuccessful claims should not be
12       awarded. ... But where attorney work proves beneficial to a successful claim,
         district courts should generally award these fees in full, even if the work is also
13       useful to an unsuccessful claim. In other words, the district court must award fees
         for the work that contributed to a successful result as if the successful claims were
14       the only ones litigated.

15   *Id*. Here, the motion for partial summary judgment did not relate *only* to the unsuccessful State

16   law claims, but the motion indisputably proved beneficial to the success of the Title III ADA

17   denial of service claim because it cements the courts finding that the Douds are entitled to a

18   permanent injunction. Accordingly, the court did not err in awarding the requested fees to the

19   Douds.

20        Second, insofar as Yellow Cab argues that the time expended on the motion for partial

21   summary judgment is duplicative of the time spent on the motion for preliminary injunction,

22   Yellow Cab is simply rehashing an argument already made and rejected by the court. (*See* ECF

23   No. 94 at 17-18.)

24        The court has discretion to adjust the amount of fees awarded to address fees that are

25   excessive, redundant or unnecessary. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  In its

26   initial response, Yellow Cab generally argued that the fees and costs sought by the Douds are

27   excessive and duplicative, but merely suggested that the court apply an across the board

28   reduction to the amount requested by dividing the amount requested by the number of claims. As

the court pointed out in its order (ECF No. 94 at 10), Yellow Cab did not bother to go through the billing entries to discuss any particular amount that it deemed excessive, but asserted its argument in general terms. As the Douds' counsel adequately explained in the briefing on the motion, the partial summary judgment motion was filed as an alternative theory to obtaining the relief sought. The court carefully reviewed the motions and the time entries that pertained to each motion. The court found the fees requested to be reasonable with a few exceptions. The court pointed out that Yellow Cab did not specifically point out what part of these motions it deemed duplicative, and it has not done so in connection with the instant motion. The court highlighted that the standards for a motion for preliminary injunction and motion for summary judgment are entirely different; therefore, each motion emphasized different facts. The motion for partial summary judgment required the compilation of a statement of undisputed facts, supported by referenced evidence. The court reviewed the two motions and determined that the facts were not simply "cut and pasted" from one motion to the text, but were tailored to meet the applicable burden. Yellow Cab has not convinced the court otherwise in its motion for reconsideration.

Third, the only item Yellow Cab specifically refers to as improper in its motion for reconsideration is the 1.1 hour spent in an interview with Channel 4. Yellow Cab did not object to this time expenditure in the first instance, and simply because Yellow Cab views it as bringing publicity to its case does not mean the court erred in finding it was time reasonably expended to advance Plaintiffs' case.

Finally, Yellow Cab's argument that Ms. Keyser-Cooper should only be entitled to an hourly rate of $165 or less is untenable. First, the court points out that Yellow Cab failed to contest the reasonableness of the hourly rate sought by Ms. Keyser-Cooper or Ms. Vaillancourt when it initially opposed the motion for fees and costs. Second, the argument that Ms. Keyser-Cooper should be downgraded from the $400 hourly rate awarded by the court to a rate of $165 or below is utterly without support. The reasonable hourly rate is determined by looking at the "prevailing market rates in the relevant community." *Blum v. Stevenson*, 465 U.S. 886, 895 (1984). The party requesting fees has the burden of producing evidence that the requested rate is in line with the prevailing rate in the community. *Sorenson v. Mink,* 239 F.3d 1140, 1145 (9th

1   Cir. 2001) (citation omitted). "Affidavits of the [requesting party's attorney] and other attorneys

2   regarding prevailing fees in the community, and rate determinations in other cases, particularly

3   those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market

4   rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)

5   (citations omitted). The defendant is then entitled to produce rebuttal evidence to support a lower

6   rate. *Sorenson,* 239 F.3d at 1145.

7            In support of her request for the $400 hourly rate, Ms. Keyser-Cooper pointed to a

8   declaration by an attorney filed in 2011 in another case in this district, *Van Asdale v.*

9   *International Game Technology*, 3:04-cv-000703-RAM, who attested that the average hourly

10  rate in Northern Nevada was between $350 and $500, and for commercial litigation it is higher

11  than $500 an hour. That attorney, Ms. Piscevich, requested and received a $450 hourly rate in

12  2011. Ms. Keyser-Cooper also provided her own declaration, detailing her background and

13  accomplishments in twenty-four years of civil rights litigation, and citing that she was granted

14  the rate of $350 per hour in two cases in 2006. She requested an increase in rate from the $350

15  previously awarded in 2006 to $400 in 2015. She also provided the declaration of four Nevada

16  attorneys to support this requested increase. All attested that the $400 hourly rate requested by

17  Ms. Keyser-Cooper was reasonable. Mr. Wetherall litigates in the area of civil rights law and

18  attested that his two most recent fee awards in Nevada were at the rate of $500. Mr. Silverberg,

19  who has less experience than Ms. Keyser-Cooper, and also practices in federal civil rights law,

20  charges $375 per hour. Mr. Jeanney has practiced in plaintiff's personal injury law for thirty-

21  three years and attested that the $400 rate sought by Ms. Keyser-Cooper was reasonable.

22           Despite not having contested the rate initially, and in view of this evidence, Yellow Cab

23  still insists at this juncture that Ms. Keyser-Cooper should be awarded a rate of $165 or less per

24  hour. In support of this argument, Yellow Cab cites case law from the Southern District of New

25  York where attorneys were awarded hourly rates between $100 and $205 per hour. (ECF No. at

26  9.) The case relied on by Yellow Cab, *Helbrans v. Coombe*, is a Southern District of New York

27  case from *1995*. The cases surveyed by that court range from *1987 to 1992*, arguing that these

28  rates in New York should "represent the high end of any award afforded by this court." The court

1    is utterly perplexed as to how Yellow Cab can argue that rates awarded to attorneys in *New York*

2    between *1987 and 1994* can support the proposition that Ms. Keyser-Cooper should only be

3    entitled to $165 per hour in *Nevada* in *2015*. Yellow Cab's reliance on a single Nevada district

4    court case fares no better as the case decided is from *1985*.

5          Even though Yellow Cab submitted no evidence to rebut the prevailing market rate

6    requested by the Douds in its original response to the motion for fees, it now provides a

7    declaration from its current counsel, Mr. Pintar, stating that his standard fee in defending civil

8    litigation cases ranges from $150 to $250 per hour. Mr. Pintar's declaration is too little too late,

9    and is directly contradicted by not only the attestations of four Nevada attorneys who practice in

10   plaintiff's civil rights and personal injury litigation, but also goes against awards made to

11   attorneys in cases in this district and more importantly, the hourly rate Ms. Keyser-Cooper has

12   herself been previously awarded. In fact, it would be an abuse of discretion for this court to apply

13   market rates in effect for more than two years before the work at issue was performed. *See Bell v.*

14   *Clackamas County*, 341 F.3d 858, 860 (9th Cir. 2003), *as amended* (citation omitted).

15         The position Yellow Cab now takes defies not only well settled Ninth Circuit law

16   instructing district courts on the determination of reasonable hourly rates, but common sense as

17   well. The argument is not well taken and certainly provides no basis for the court to reconsider

18   its order in this regard.

19         In sum, Yellow Cab has presented no appropriate basis for the court to reconsider its

20   May 18, 2015 order awarding the Douds costs and fees.

21   **IV. CONCLUSION**

22         For the reasons stated above, Yellow Cab's motion for reconsideration (Doc. # 130) is

23   **DENIED**.

24   **IT IS SO ORDERED**.

25

26   Dated: September 10, 2015.

                                                  _____
27                                                     WILLIAM G. COBB
                                                  UNITED STATES MAGISTRATE JUDGE

28