UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES DOUD and MELODIE DOUD, | 3:13-cv-00664-WGC |
| Plaintiffs, | **ORDER** |
| v. | Re: ECF No. 133 |
| YELLOW CAB OF RENO, INC., | |
| Defendant. | |

Before the court is Plaintiffs' Motion to Convert Preliminary Injunction to Permanent Injunction. (ECF No. 133.)[1] Defendant filed a document it titled as a "non-opposition," but at the same time contends that the motion is "unnecessary and a waste of time" because Yellow Cab "is in compliance with the preliminary injunction[.]" (ECF No. 136.)

The background of this action has been set forth in numerous orders generated by the court, and need not be repeated here. Preliminarily, Defendants should not have titled their filing a "non-opposition" only to go on and argue why the motion should not be granted.

The court disagrees with Defendants' characterization of the motion as "unnecessary and a waste of time." While the court may have discussed the status of the permanent relief obtained by Plaintiffs in passing in another order, there has been no order directly stating that Plaintiffs have obtained a permanent objection by virtue of their success on the motion for partial summary judgment on their claims under Title III of the Americans with Disabilities Act (ADA). A "preliminary" injunction is just that−preliminary. Without the entry of a permanent injunction, Defendant would be free to return to violating the Douds' rights under the ADA following the termination of this action. Therefore, it was necessary and completely warranted for Plaintiffs to seek this relief.

---

[1] Refers to court's Electronic Case Filing number.

As such, the court hereby converts the preliminary injunction awarded by District Judge Du into a permanent injunction as a result of Plaintiff's success on the motion for partial summary judgment on the Title III ADA claims.

Plaintiffs are hereby granted a permanent injunction against Defendant, its officers, servants, agents and employees, as follows:

Hereinafter, Defendant must not refuse to transport the Plaintiffs on the basis of Mrs. Doud's disability. Defendant must provide Plaintiffs with taxi services on the same terms and conditions as any other passenger. If, however, any portion of Mrs. Doud's disassembled scooter is too heavy to list, Defendant's drivers need not lift it. Defendant must also incorporate into its existing driver training that Plaintiffs may ride in Defendant's standard taxis.

**IT IS SO ORDERED**.

Dated: September 18, 2015.

_William G. Cobb_
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE