UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES DOUD and MELODIE DOUD, | 3:13-cv-00664-WGC |
| Plaintiffs, | **ORDER** |
| v. | Re: ECF No. 135 |
| YELLOW CAB OF RENO, INC., | |
| Defendant. | |

Before the court is Defendant Yellow Cab of Reno, Inc.'s (Yellow Cab) Motion for Reconsideration of this Court's Order Granting Summary Judgment on Defendant's 25th Affirmative Defense Dated March 30, 2015. (ECF No. 135.)[1]

The court finds Yellow Cab's motion to be completely without merit; therefore, it issues the instant order denying the motion even though the Plaintiffs, James and Melodie Doud (the Douds), have not had an opportunity to respond in order to conserve time and resources of both the parties and the court.

**I. BACKGROUND**

On September 1, 2014, the Douds filed a motion for partial summary judgment as to Yellow Cab's 25th Affirmative Defense. (ECF No. 31.) The 25th affirmative defense asserted that Mr. Doud was an independent contractor and not an employee of Yellow Cab, and therefore was precluded from recovery under Title I of the Americans with Disabilities Act (ADA). (ECF No. 31.) Yellow Cab filed its response on October 2, 2014. (ECF No. 38.) The Douds filed their reply brief on October 17, 2014. (ECF No. 42.) On March 30, 2015, the court issued its order granting summary judgment in favor of the Douds with respect to Yellow Cab's 25th affirmative defense. (ECF No. 79.) Now, nearly six months after that order was entered, Yellow Cab has

---

[1] Refers to court's Electronic Case Filing number.

filed this motion for reconsideration. Yellow Cab argues: (1) the court erred when it failed to analyze the independent contractor versus employee issue under Nevada law; and (2) the issue of whether Mr. Doud was an independent contractor or employee should have been reserved for the jury.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not contain a provision governing the review of interlocutory orders. "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted) (emphasis omitted). This inherent power is grounded "in the common law and is not abridged by the Federal Rules of Civil Procedure." *Id*. at 887. While other districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders, the District of Nevada has not. Rather, this district has used the standard for a motion to alter or amend judgment when confronted with a motion to reconsider an interlocutory order. *See, e.g., Henry v. Rizzolo*, No. 2:08-cv-00635-PMP-GWF, 2010 WL 3636278, at * 1 (D. Nev. Sept. 10, 2010) (quoting *Evans v. Inmate Calling Solutions*, No. 3:08-cv-00353-RCJ-VPC, 2010 WL 1727841, at *1-2 (D. Nev. Apr. 27, 2010)).

Therefore, in this district, a motion for reconsideration should set forth: "(1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Rizzolo*, 2010 WL 3636278, at * 1 (citation omitted). Moreover, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id*. (citation omitted).

## III. DISCUSSION

**A. Federal Common Law of Agency Controls the Court's Determination of this Issue**

Yellow Cab argues that the court erred when it applied the federal common law of agency instead of Nevada law to determine whether Mr. Doud was an employee or independent contractor, relying on the fact that Mr. Doud entered into a contract with Yellow Cab in Nevada

that stated he was an independent contractor. (ECF No. 135 at 2-3.) Yellow Cab maintains that Nevada law governs the interpretation of this contract, and under Nevada law Mr. Doud would be deemed an independent contractor.

The court concludes that it did not err in applying the federal common law of agency in determining whether Mr. Doud was an employee or independent contractor. Yellow Cab's motion acknowledges this action was brought under a federal statute−the Americans with Disabilities Act (ADA), but nevertheless argues that Nevada law applies to the determination of whether a person is considered an independent contractor or employee when the entity they are working for is accused of violating the ADA's provisions.

Yellow Cab does not mention that the ADA itself defines an employee as "an individual employed by an employer." 42 U.S.C. § 12111(4). As the court thoroughly discussed in its order, where the term "employee" is defined by federal statute, federal courts have applied the federal common law of agency to determine employer versus independent contractor status. The Supreme Court did this in determining who qualifies as an employee under the Employee Retirement Income Security Act of 1974) (ERISA), *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 323-24 (1992), and subsequently in the ADA context, *Clackamas Gastroenterology Associates, P.C. v. Wells,* 538 U.S. 440 (2003). The Ninth Circuit has done so in the Title VII context. *See Murray v. Principal Financial Group, Inc.*, 613 F.3d 943 (9th Cir. 2010); *N.L.R.B. v. Friendly Cab Co., Inc.*, 512 F.3d 1090, 1096 (9th Cir. 2008) (applying federal common law of agency in the Title VII context). Even when the term "employee" is not defined by statute, the Supreme Court has applied federal common law agency principles. *See Community for Creative Non-Violence v. Reid,* 490 U.S. 730, 738-39 (1989). Yellow Cab blatantly ignores ample federal authority that federal common law agency principles apply to a determination of independent contractor versus employee status under the ADA. Nor does Yellow Cab's motion include any discussion regarding how the court erred in relying on this authority. In fact, it does not even mention these cases.

If Mr. Doud or Yellow Cab had brought an action for breach of contract or if the determination of his status implicated a Nevada statute, those claims would have been resolved

applying Nevada law. That is not the case here. Mr. Doud chose to vindicate his rights under a federal statute which expressly defines "employee." As indicated above, the Supreme Court has determined federal common law agencies apply to resolve this issue.

Even more detrimental to Yellow Cab's argument is that the Ninth Circuit applied the federal common law of agency to determine the independent contractor versus employee issue in a case that specifically involved taxi cabs, where the drivers also had signed agreements that stated they were independent contractors. *See N.L.R.B. v. Friendly Cab Co., Inc.*, 512 F.3d 1090, 1096 (9th Cir. 2008). The Ninth Circuit did *not* apply state law to resolve the issue of whether the drivers in *Friendly* were independent contractors or employees. Instead, it applied federal common law agency principles, and noted that the agreement was one factor to be considered, but was *not determinative* of the relationship between the parties. Therefore, the court is confident it correctly applied the federal common law of agency in determining this issue. The court considered the fact that the drivers signed contracts stating that they were independent contractors and stated that this weighed in favor of independent contractor status; however, the majority of the other considerations weighed in favor of finding Mr. Doud was an employee. As such, reconsideration is not warranted on this basis.

**B. The Independent Contractor Versus Employee Issue Was Appropriately Resolved by the Court as a Matter of Law Because No Genuine Dispute as to any Material Fact was Presented to the Court in Connection with the Motion**

Yellow Cab next argues that the issue of whether Mr. Doud was an employee or independent contractor should have been reserved for the jury. (ECF No. 135 at 4.) Yellow Cab cites Federal Rule of Civil Procedure 56, which states that summary judgment should only be granted when "there is no genuine issue as to any material fact" and case law interpreting Rule 56. (*Id*. at 4-5.) Yellow Cab also argues that the Ninth Circuit has consistently held that the determination of independent contractor versus employee status is a question of fact, this is only the case when there are *disputed* issues of fact. When the court decided this motion, there were no *disputed* issues as to any *material* fact. Nor does Yellow Cab point to any at this juncture. It includes a conclusory statement that the evidence is disputed, but points to no

specific evidence presented to the court in connection with the motion on the 25th affirmative defense, or otherwise, that would have required the court to reserve the issue for a jury. Therefore, it was appropriate for the court to resolve this issue as a matter of law, and reconsideration is not warranted on this basis.

## IV. CONCLUSION

There is no basis for the court to reconsider its order granting summary judgment in favor of the Douds as to Yellow Cab's 25th affirmative defense. Therefore, Yellow Cab's motion (ECF No. 135) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 18, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE