UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELODIE DOUD and JAMES DOUD, | 3:13-cv-00664-WGC |
| Plaintiffs, | **ORDER** |
| v. | Re: ECF Nos. 113 and 121 |
| YELLOW CAB OF RENO, INC., | |
| Defendant. | |

Before the court are two interrelated motions filed by the parties: (1) Plaintiffs', James and Melodie Doud (the Douds), Motion for an Order to Show Cause Why Defendant Yellow Cab of Reno, Inc. Should not be Held in Contempt for Failure to Pay Interim Fees and Costs. (ECF No. 113)[1]; and (2) Defendant Yellow Cab of Reno, Inc.'s (Yellow Cab) request for a stay of proceedings to collect the interim award of fees (ECF No. 121).

Yellow Cab has opposed the Douds' motion for an order to show cause (ECF No. 121), and the Douds have filed a reply (ECF No. 122) and errata (ECF No. 127).

The Douds have likewise opposed Yellow Cab's request for a stay of proceedings to collect the interim award of fees (ECF No. 123), and Yellow Cab has filed a reply (ECF No. 132).

The court has thoroughly reviewed all of the briefing, and for the reasons set forth below, Yellow Cab's request for a stay of the court's order awarding interim attorneys' fees and costs (ECF No. 121) is denied. The $152,273 in attorneys' fees and $4,122 in costs awarded to the Douds (ECF No. 94) shall be paid within fourteen days of the date of this order. The court will hold the Douds' motion for an order to show cause re contempt in abeyance during this time. If after fourteen days from the date of this order, Yellow Cab has not paid the sum due, the court

---

[1] Refers to court's Electronic Case Filing number.

will address the Douds' motion at that time. Yellow Cab is cautioned that if it does not pay the sum owing to the Douds within that time frame, the court is inclined to issue a finding that Yellow Cab is in contempt of the court's orders.

## I. BACKGROUND

The Douds obtained a preliminary injunction on their denial of service claims brought under Title III of the Americans with Disabilities Act (ADA). (ECF no. 30.) The Douds' motion for partial summary judgment with respect to these claims was subsequently granted. (ECF No. 69.) The Douds filed a motion and supplemental motion requesting an interim award of attorneys' fees and costs, which the court granted on March 3, 2015 (ECF No. 70), and awarded the Douds $152,273 in attorneys' fees and $4,122 in costs on May 18, 2015 (ECF No. 94). Yellow Cab has yet to pay the Douds the fees and costs awarded. As a result, the Douds now seek an order to show cause why Yellow Cab should not be held in contempt for failing to obey the court's order awarding the fees and costs. (ECF No. 113.)

In its opposition, Yellow Cab argues that payment of an interim order for attorney's fees is not required until final judgment, citing Federal Rule of Civil Procedure 62, because an interim award of attorney's fees is not a final judgment and is not appealable. (ECF No. 121 at 3-4.) It further contends that there is no statutory language permitting the immediate enforcement of an interim award of attorney's fees, and enforcement of the award after conclusion of the litigation is appropriate. (*Id*. at 4.) Yellow Cab asserts that this protects against the unnecessary payment of fees in the event an appeal is successful. (*Id*.) It also argues that there is no guarantee the Douds could repay the awarded fees and costs upon a successful appeal. (*Id*.)

Yellow Cab asks the court to stay any attempt by the Douds to collect the interim fees and costs awarded until the conclusion of this litigation and until Yellow Cab has an opportunity to challenge the order granting the Douds partial summary judgment as to the Title III denial of service claims. (ECF No. 121 at 6.)

In their reply brief in support of their motion for an order to show cause as to why Yellow Cab should not be held in contempt for failing to pay the interim award of fees and costs, the Douds argue that the court has authority to enforce the interim award of fees and costs now as

1  the court has the power to award fees while litigation is pending. (ECF No. 122 at 1-4.) They
2  further assert that Yellow Cab's contention that the Douds might not be able to pay the award
3  back if Yellow Cab is successful on appeal is not adequate justification to delay payment of
4  interim fees, and in any event, is not supported by any evidence. (*Id*. at 4-5.) The Douds reiterate
5  that the failure to comply with a court order is punishable by contempt. (*Id*. at 5.) They seek a
6  civil contempt finding that compels compliance with the court's order as well as an order that the
7  Douds be compensated for the time spent in trying to get the fees and costs award paid. (*Id*. at 5-
8  6.) The Douds request that the fees and costs be immediately paid or that Yellow Cab be fined a
9  daily penalty, or $156 per day, commencing on June 1, 2015, which is fourteen days following
10 the court's order awarding fees. (*Id*. at 13, ECF No. 127 at 1.) This is one-tenth of one percent of
11 the fee award. (*Id*.)

12 In response to Yellow Cab's request for a stay, the Douds acknowledge that the court has
13 authority to hold an order in abeyance pending review, but assert that a stay is not a matter of
14 right. (ECF No. 123.) The Douds argue that Yellow Cab has failed to establish a likelihood of
15 success on the appeal of Title III denial of service claim. Nor has Yellow Cab established
16 irreparable injury in the absence of a stay, as it did not argue that it did not have financial
17 resources to pay the award or that payment of the award would deplete its resources. The Douds
18 assert that the fact a possibility of prevailing on an appeal is not sufficient justification to delay
19 payment of the fee award. Next, the Douds contend that Yellow Cab failed to establish that
20 issuance of a stay is necessary to other parties or the public. The Douds then assert that Yellow
21 Cab has waited too long to seek a stay. Finally, the Douds point out that Yellow Cab has failed to
22 offer a supersedeas bond.

23 In its reply, Yellow Cab maintains that it is unfair and improper to require the immediate
24 enforcement of an interim order that is not a final judgment and not yet appealable, and as such
25 asks that the court exercise its discretion to stay enforcement of the order. (ECF No. 132 at 1-2.)
26 Yellow Cab further contends that immediate enforcement of the award is not in the public's
27 interest in these circumstances because the amount of the award is inconsistent with the Douds
28 success in this case, where they were granted partial summary judgment as to only one of four

claims raised in that motion. (*Id*. at 2-3.) Yellow Cab asserts that the court has discretion to issue a stay without the need of a supersedeas bond. (*Id*. at 3-4.)

## II. DISCUSSION

"Congress passed the ADA in 1990 to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citation and quotation marks omitted). 42 U.S.C. section 12205 provides for the recovery of attorney's fees and costs by the "prevailing party" in an action brought under the ADA. Congress enacted the fee-shifting provision in civil rights statutes "to ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotation marks and citation omitted). The Supreme Court has said: "If successful plaintiffs were routinely forced to bear their own attorneys' fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) (per curiam). "Prevailing party" status under the ADA is evaluated within the framework established by the Supreme Court under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. section 1988, which provides for the recovery of reasonable attorney's fees and costs to the prevailing party under various civil rights acts. *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000) (citation omitted).

The court has determined that the Douds are the "prevailing party" with respect to their denial of service claims brought under Title III of the ADA because of their success on the motion for preliminary injunction and partial summary judgment relative to those claims. (ECF No. 70.) As a result, the court awarded them $152,273 in attorneys' fees and $4,122.06 in costs. (ECF No. 94). The order awarding the costs and fees was entered on May 18, 2015. (ECF No. 94.) Yellow Cab has not paid the fees and costs, and waited over three months after the order was entered to question the propriety of an *interim* award of fees and to request a stay of the order pending the entry of final judgment in the case. (ECF No. 121.)

///

///

Preliminarily, the court points out that when Yellow Cab opposed the motion for an interim award of attorney's fees and costs (ECF No. 37), it did not raise the argument it raises now−that the court does not have authority to make an *interim* award of fees.

It is well settled that district courts may impose interim awards of attorney's fees and costs in various contexts, including civil rights lawsuits, and in suits where the operative statute does not expressly provide for an *interim* award of fees, where the party has prevailed on the merits on some claims. *See, e.g., Hanrahan v. Hampton*, 446 U.S. 754 (1980); *Bradley v. School Board of City of Richmond,* 416 U.S. 696 (1974); *Rosenfeld v. United States*, 859 F.2d 717, 720 (9th Cir. 1988).

*Bradley* was a protracted school desegregation case where the district court awarded the plaintiffs interim fees before the case was concluded. *Bradley,* 416 U.S. at 698. The Supreme Court upheld the award, stating that "[t]o delay a fee award until the entire litigation is concluded would work substantial hardship on plaintiffs and their counsel, and discourage the institution of actions despite the clear congressional intent to the contrary[.]" *Id*. at 723. "A district court must have discretion to award fees and costs incident to the final disposition of interim matters." *Id*. (citing 6 J. Moore, Federal Practice 54.70(5) (1974 ed.)).

This issue was confronted by the Supreme Court again in *Hanrahan v. Hampton*, 446 U.S. 754 (1980), which involved the Civil Rights Attorney's Fee Awards Act of 1976, 42 U.S.C. § 1988. As stated, *supra,* courts utilize the framework for determining "prevailing party" status under section 1988 in ADA cases as well. *See Fischer*, 214 F.3d at 1118. In *Hanrahan*, the Supreme Court noted that "Congress contemplated the award of fees *pendente lite*[2] in some cases." *Hanrahan*, 446 U.S. at 757 (citation omitted). That being said, "it seems clearly to have been the intent of Congress to permit such an interlocutory award only to a party who has established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal." *Id*. By way of example, Congress referenced cases where "the party to whom fees were awarded had established the liability of the opposing party, although final remedial orders had

---

[2] This means while the action is pending. *Pendente Lite,* <u>Black's Law Dictionary</u> (10th ed. 2014).

- 5 -

1  not been entered." *Id*. (referencing *Bradley*, 416 U.S. 696; *Mills v. Electric Auto-Lite Co.*, 396
2  U.S. 375 (1970)).

3        The Supreme Court also highlighted Congress's approval of the language in *Bradley* that
4  "'the entry of any order that determines substantial rights of the parties may be an appropriate
5  occasion upon which to consider the propriety of an award of counsel fees ..." *Id*. (citing *H.R.*
6  *Rep.* No. 94-1558 at 8, which quotes *Bradley*, 416 U.S. at 723, n. 28).  It further quoted the
7  Senate's finding that "award of counsel fees *pendente lite* would be 'especially appropriate
8  where a party has prevailed on an important matter in the course of litigation, even when he
9  ultimately does not prevail on *all* issues.'" *Id*. (citing *S. Rep.* No. 94-1011 at 5, U.S. Code Cong.
10 & Admin. News 1976, p. 5912) (emphasis added by *Hanrahan*)).  Thus, the Supreme Court
11 concluded in *Hanrahan* that "Congress intended to permit the interim award of counsel fees only
12 when a party has prevailed on the merits of at least some of his claims." *Id*. In *Hanrahan*, the
13 Supreme Court found that the respondent had not prevailed on the merits of any of their claims,
14 and reversed the award of attorney's fees. *Id*. at 758-59.

15       Here, the Douds have unquestionably prevailed on the merits of their claims brought
16 under Title III of the ADA. Therefore, the court properly exercised its discretion in issuing the
17 order awarding them interim attorneys' fees and costs. It is immaterial that they were not
18 successful on all claims raised in the motion for partial summary judgment. All that is required is
19 that they prevail on some of their claims, *Hanrahan,* 446 U.S. 758-59, which they did.

20       Yellow Cab asks the court to stay the order awarding interim fees, relying primarily on
21 the argument that there is no guarantee that the amount could be repaid if they are ultimately
22 successful on appeal. Yellow Cab, however, does not lend any support to its conjecture that it
23 could not ultimately obtain repayment of the fees from the Douds' counsel if it were ultimately
24 successful on appeal. *See, e.g., Rosenfeld*, 859 F.2d at 721-22 (finding that appeal under
25 collateral order exception was not appropriate where challenging party had no evidence to
26 support argument that it could not obtain repayment of fees following successful appeal).

1  Nor has Yellow Cab presented any other evidence that would justify the court entering a stay of
2  its order. Therefore, the court declines to stay its interim award of fees pending entry of final
3  judgment.
4      The court will hold in abeyance the Douds' motion for an order to show cause why
5  Yellow Cab should not be held in contempt of court for failure to pay the awarded costs and fees
6  and will grant Yellow Cab one last opportunity to comply with the court's order. If it fails to do
7  so, or fails to negotiate other arrangements for payment of the award, the court will revisit the
8  Douds' motion and is inclined to make a finding that Yellow Cab is in contempt of court.

### III. CONCLUSION

10      IT IS HEREBY ORDERED that Yellow Cab's request for a stay of the court's order
11  awarding interim attorneys' fees and costs (ECF No. 121) is **DENIED**. The $152,273 in
12  attorneys' fees and $4,122 in costs awarded to the Douds (ECF No. 94) shall be paid **WITHIN**
13  **FOURTEEN DAYS OF THE DATE OF THIS ORDER**.
14      IT IS FURTHER ORDERED that the court will hold the Douds' motion for an order to
15  show cause re contempt (ECF No. 113) in abeyance during this time. If after fourteen days from
16  the date of this order, Yellow Cab has not paid the sum due or negotiated another arrangement
17  for payment with the Douds and their counsel, the Douds shall file a notice to that effect and the
18  court will address the Douds' motion at that time. Yellow Cab is cautioned that if it does not pay
19  the sum owing to the Douds within the prescribed time frame or negotiate other arrangements for
20  payment, the court is inclined to issue a finding that Yellow Cab is in contempt of the court's
21  orders and will impose the appropriate contempt sanction(s) at that time.

**IT IS SO ORDERED**.

Dated: September 23, 2015.

                                                                   /s/ William G. Cobb  
                                                           WILLIAM G. COBB  
                                                           UNITED STATES MAGISTRATE JUDGE