UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES DOUD and MELODIE DOUD,<br><br>Plaintiffs,<br><br>v.<br><br>YELLOW CAB OF RENO, INC.,<br><br>Defendants. | 3:13-cv-00664-WGC<br><br>**ORDER**<br><br>Re: ECF No. 134 |

Before the court are the Motions in Limine filed by Plaintiffs James Doud and Melodie Doud (the Douds). (ECF No. 134.)[1] Defendant Yellow Cab of Reno, Inc. (Yellow Cab) filed a response (ECF No. 147). Pursuant to Local Rule 16-3(b), no reply was permitted. Under Local Rule 78-2, the court deems disposition of the motions without a hearing to be appropriate.

The court will address the motions in the order presented in the Douds' filing; however, it is noted that the Douds mis-numbered the motions when motion in limine number 3 was inadvertently labeled as motion in limine number four. As a result, there are seven and not eight motions presented in the filing. The court will address them in the correct numeric order, and by title instead of the numbers assigned by the Douds.

**I. MOTION IN LIMINE TO EXCLUDE EVIDENCE OF A TELEPHONE CALL MADE BY CATHI BROWN TO PLAINTIFF JAMES DOUD**

Yellow Cab's general manager, Frank Street, testified in deposition that Cathi Street, his girlfriend and former Yellow Cab employee, telephoned Mr. Doud about the denial of service by Yellow Cab's drivers. According to Mr. Street, during the call, which Mr. Doud maintains was surreptitiously recorded, Mr. Doud allegedly stated: "All Middle Eastern drivers are Talibans."

---

[1] Refers to court's Electronic Case Filing number.

The Douds assert that Yellow Cab intends to present evidence of this call and argue that this is the reason Mr. Doud was terminated.

The Douds argue that evidence of this call should be excluded because: (1) under Nevada law the unauthorized recording of a conversation is unlawful; (2) the Douds have not been provided with a copy or transcript of this call even though their discovery requests specifically asked for recordings that would encompass this call or in their initial disclosures; and (3) it lacks foundation. (ECF No. 134 at 1-6.)

Yellow Cab seeks to admit this evidence in support of its argument that the real reason for Plaintiff's termination is because he was deemed to be a racist and this telephone call is directly relevant to that contention. (ECF No. 147 at 1-2.) Next, they argue that the conversation was not recorded without Mr. Doud's consent because he was a dispatcher for Yellow Cab for a period of time, and responded to ingoing and outgoing calls, and was familiar with Yellow Cab's procedure of recording ingoing and outgoing calls. (*Id*. at 2.) Finally, Yellow Cab asserts that a transcript of the telephone conversation was disclosed to the Douds' counsel when the opposition to the motion in limine was filed (on September 25, 2015). (*Id*. at 3.)

The Douds' motion in limine to exclude evidence or reference to the call made by Cathi Brown and Mr. Doud's alleged statement that "all Middle Eastern drivers are Talibans" is **GRANTED**. Without getting into whether or not the recording was surreptitious so as to violate Nevada law, the court finds that the call was not timely produced to the Douds, and should be excluded on that basis.

Yellow Cab concedes that it did not produce a transcript of the call until September 25, 2015, when it filed its opposition to this motion in limine. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Yellow Cab has presented no substantial justification for its failure to produce the transcript of the telephone call to this point. Nor can it be said that the failure to do so is harmless.

1    Moreover, Rule 26 requires the identification of each document or other exhibit a party
2  intends to offer at trial *at least thirty days before trial*. Fed. R. Civ. P. 26(3)(A), (B) (emphasis
3  added). The disclosure of the transcript on September 25, 2015, was not made within thirty days
4  of trial.
5    Therefore, the evidence shall be excluded as stated above.

6  **II. MOTION IN LIMINE TO EXCLUDE REFERENCE TO A TELEPHONE**
7  **RECORDING FROM "CINDY"**

8    Yellow Cab has produced a recording of a telephone call from a woman who identified
9  herself as "Cindy" which lasts approximately 20 seconds, and the caller states she knows the
10 Douds and that they are suing because they want to make money and that their allegations are
11 false. (ECF No. 134 at 6.) The Douds assert that the alleged caller did not provider her full name,
12 address, telephone number or date she called, how she can be reached or why she called. (*Id*.)
13 Yellow Cab confirmed in deposition that it has no additional information about the caller. (*Id*.)
14 The Douds contend that the recording should be excluded because it is irrelevant, lacks
15 foundation and is inadmissible hearsay. (*Id*.)

16   Yellow Cab argues that the residual or catchall hearsay rule should allow the admission
17 of this recording because there are "equivalent guarantees of trustworthiness." (ECF No. 147 at
18 3, relying on *United States v. Dunford*, 148 F.3d 385, 393 (4th Cir. 1998), and factors discussed
19 therein, as well as *United States v. Lentz*, 282 F.Supp.2d 399, 425 (E.D. Va. 2002), *aff'd*, 58
20 F.Appx. 961 (4th Cir. 2003).) Yellow Cab contends that the call should be admitted because
21 "Cindy" is unavailable and it took steps (albeit unsuccessful) to try to locate her. (*Id.* at 3.) It
22 further asserts that guarantees of trustworthiness include that she claims to know the Douds and
23 that their allegations are false. (ECF No. 147 at 3-4.)

24   Hearsay is "a statement that: (1) the declarant does not make while testifying at the
25 current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted
26 in the statement." Fed. R. Evid. 801(c). The recording of the telephone call by "Cindy" is a
27 classic example of hearsay. The parties agree "Cindy" has not been located, and Yellow Cab
28 concedes it seeks to offer the recording to prove the truth of the matter asserted therein−that the

1  Douds' allegations are false. Yellow Cab also concedes that the statement does not come within
2  any express hearsay exception as it argues that the statement should be admitted pursuant to the
3  residual or "catchall" hearsay exception.
4    Federal Rule of Evidence 807, otherwise known as the residual or "catchall" hearsay
5  exception allows the admission of any out-of-court statement, so long as it meets the residual
6  rule's own articulated requirements. *See United States v. Marchini*, 797 F.2d 759, 763 (9th Cir.
7  1986). The rule provides:
> Under the following circumstances, a hearsay statement is not excluded by the
> rule against hearsay even if the statement is not specifically covered by a hearsay
> exception in Rule 803 or 804:
> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
> (2) it is offered as evidence of a material fact;
> (3) it is more probative on the point for which it is offered than any other evidence
> that the proponent can obtain through reasonable efforts; and
> (4) admitting it will best serve the purposes of these rules and the interests of
> justice.

Fed. R. Evid. 807(a).

  The rule is to be used only in exceptional circumstances. *U.S. v. Bonds,* 608 F.3d 495, 501 (9th Cir. 2010). Moreover, a statement that comes within the parameters of Federal Rule of Evidence 807(a), "is admissible *only* if, before the trial or hearing, the proponent gives an adverse party *reasonable notice* of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it." Fed. R. Evid. 807(b).

  Yellow Cab's citation to precedent from the Fourth Circuit is not persuasive, particularly where there is Ninth Circuit precedent on application of the "catchall" provision directly on point.

  The call does not "contain the requisite guarantees of trustworthiness required for admission under the catchall hearsay exception." *United States v. Angulo*, 4 F.3d 843, 845 n. 2 (9th Cir. 1993). The statements of the caller were not made "under oath and subject to penalty of perjury" nor were they recorded in any way "which would allow the [judge] an opportunity to view [the caller's] demeanor." *See United States v. Sanchez-Lima*, 161 F.3d 545, 547 (9th Cir. 1998). The parties have no idea who "Cindy" is, and while Yellow Cab argues that "Cindy"

1  knew the Douds, this is only what "Cindy" *claimed*. There is no evidence that Douds in fact
2  knew a person named "Cindy" who may have made this call.
3      The recording is not "evidence of a material fact." The material facts in this action go to
4  the reason for Mr. Doud's termination and whether the Yellow Cab driver refused to terminate
5  the Douds because they were accompanied by their service dogs. A general assertion that the
6  Douds' allegations are false does not go to a material fact. For this reason, this recording is not
7  "more probative" for any fact material to the remaining claims in this action. Admission of this
8  recording would not "best serve the purposes of these rules and the interest of justice." Instead,
9  the court will allow the parties to present admissible evidence that actually has a bearing on the
10 elements of the remaining claims.
11     Finally, the statement does not meet the requirements of Rule 807(b): the Douds have not
12 been given the declarant's full name, or address. For these reasons, the Douds' motion in limine
13 on this topic is granted.
14 **III. MOTION IN LIMINE TO ALLOW FRANK STREET TO BE CALLED AS A**
15 **HOSTILE WITNESS IN PLAINTIFF'S CASE IN CHIEF**
16     In this motion in limine, the Douds seek an order permitting them to call Frank Street in
17 their case in chief as a hostile witness so that he may be asked leading questions. (ECF No. 134
18 at 7-8.)
19     Yellow Cab, on the other hand, argues that the Douds have not made the requisite
20 showing of hostility, relying on *United States v. Bryant*, 461 F.2d 912, 918 (6th Cir. 1972). (ECF
21 No. 147 at 5-6.)
22     Once again, Yellow Cab's reliance on out-of-circuit precedent is not persuasive. Federal
23 Rule of Evidence 611 governs the use of leading questions during examination of a witness, and
24 provides: "Leading questions should not be used on direct examination except as necessary to
25 develop the witness's testimony." Fed. R. Evid. 611(c). That being said, the court is directed to
26 allow leading questions "when a party calls a hostile witness, an adverse party, or a witness
27 identified with an adverse party." Fed. R. Evid. 611(c)(2). Separate and apart from the contention
28 that Mr. Street is a hostile witness is the fact that Mr. Street is a witness identified with an

adverse party. Therefore, the Douds' counsel is permitted to ask leading questions of him on direct examination if called as a witness in their case in chief. While a motion in limine may not be the appropriate vehicle to raise this issue, the court nevertheless **GRANTS** the Douds' motion.

**IV. MOTION IN LIMINE TO EXCLUDE MOHAMMED PARVEZ AS A WITNESS**

The Douds seek to preclude the testimony of Mohammed Parvez at trial on the grounds that it is irrelevant and its admission would likely confuse the jury. (ECF No. 134 at 8.) They assert that Mr. Parvez was the driver that twice denied them service, and while his testimony was relevant to the Title III ADA claims that have already been decided, it is not relevant to the remaining claims. (*Id*. at 8.)

In response, Yellow Cab argues that the Douds admit that Mr. Parvez was the driver that twice denied them service, and the fifth cause of action that is proceeding to trial alleges a denial of service. (ECF No. 147 at 6.) Yellow Cab then asserts that the Douds' complaint attributes the statement denying them service because of their dogs to Mr. Parvez. (*Id*.) Yellow Cab then points to Mr. Parvez's deposition testimony about Mr. Parvez's denial of service, and maintains that whether Mr. Parvez denied service to the Douds is relevant to the remaining claim. (*Id*. at 6-7.)

Yellow Cab's argument confuses the claims asserted by the Douds, and conflates the Title III ADA denial of service claim that was already decided by the court with the remaining denial of service claim which relates to the allegation that Yellow Cab violated Nevada Revised Statute 706.366 by refusing to transport them because of the presence of their service dogs. In the complaint, Mr. Parvez is identified as the driver of Yellow Cab taxi number **130.** (ECF No. 1 at 4 ¶ 14.) After Mr. Parvez refused to take the Douds, they allege that they approached a **second Yellow Cab taxi, number 130**, and this driver allegedly refused to take them stating that they had dogs, dogs are dirty, and it was against his religion to take them with the dogs. (ECF No. 1 at 4-5 ¶ 15.) There has been no demonstration that Mr. Parvez's testimony would have any relevance to the alleged denial of service related to the service dogs. For this reason, the Douds' motion in limine to exclude him as a witness is **GRANTED**.

## V. MOTION IN LIMINE TO EXCLUDE MUKESH SHARMA AS A WITNESS

The Douds also seek an order precluding Mukesh Sharma from testifying as a witness at trial. (ECF No. 134 at 8-9.) The Douds assert that Mr. Sharma is a road boss for Yellow Cab and he gave the Douds a ride to their home on May 19, 2013, after Mr. Parvez denied them service for a second time, and testified at the NTA hearing as to Yellow Cab's policies relating to disabled passengers. (*Id*. at 8.) They seek to exclude him as a witness on the basis that his testimony would not be relevant to the remaining claims in this action, and to allow his testimony would simply serve to confuse and mislead the jury. (*Id*. at 8-9.)

Yellow Cab argues that Mr. Sharma's testimony is relevant and should be admitted, since he was Yellow Cab's road boss and is familiar with Yellow Cab's policy concerning the transportation of disabled persons. (ECF No. 147 at 7.) Yellow Cab also insists that the Douds failed to mention that Mr. Sharma transported them from the airport to their home after the confrontation with Mr. Parvez, and has knowledge pertaining to the circumstances regarding the interaction with Mr. Parvez. (*Id*.)

As with Mr. Parvez, Yellow Cab confuses the issues remaining in this case. The remaining denial of service claim did not involve Mr. Parvez or Mr. Sharma. Contrary to Yellow Cab's assertion, the Douds' motion in limine expressly admits that Mr. Sharma was the Yellow Cab road boss who took them home after the May 19, 2013 incident. (ECF No. 134 at 8.) What Yellow Cab fails to establish, however, is how Mr. Sharma's testimony would have any relevance to the claim that the Yellow Cab driver of taxi number **132** refused to transport the Douds based on the presence of their service dogs. As a result, the Douds' motion in limine to exclude Mr. Sharma as a witness is **GRANTED**.

## VI. MOTION IN LIMINE TO EXCLUDE ALL REFERENCES TO PLAINTIFF'S INTERIM FEE AWARD

The Douds move to exclude all references to their interim fee award as it is irrelevant under Federal Rule of Evidence 403. (ECF No. 134 at 9.) Yellow Cab does not object to the exclusion of this evidence. Therefore, the Douds' motion in limine to exclude all reference to their interim fee award at trial is **GRANTED**.

## VII. MOTION IN LIMINE TO EXCLUDE EVIDENCE AND RE-LITIGATION OF THE REASONS FOR THE GRANTING OF INJUNCTIVE RELIEF

In their final motion in limine, the Douds seek to exclude evidence and re-litigation of the reasons they were granted injunctive relief. (ECF No. 134 at 9-10.) The Douds assert that they should be permitted to briefly describe the denial of service that occurred in April and May of 2013, because they allege that their complaints about these incidents led to Mr. Doud's retaliatory termination. (*Id*. at 9.) Nonetheless, they contend that Yellow Cab should not be allowed to re-litigate the ADA Title III claim. (*Id*.) They suggest that the court provide a limiting instruction to the jury indicating that they are not to decide the denial of service issue, but whether the Douds' complaints about that denial of service were the basis for Mr. Doud's termination and whether it was retaliatory. (*Id*. at 9-10.)

Yellow Cab states that it does not seek to re-litigate the court's reasons for granting injunctive relief, but it is essential to its defense to present evidence regarding the circumstances that led up to Mr. Parvez's decision to disallow the Douds' transportation. (ECF No. 147 at 7-8.) Yellow Cab also insists that the Douds' motion is too broad and vague for the court to issue a ruling, because neither the court nor Yellow Cab knows exactly what evidence the Douds intend to present. (*Id*. at 8.)

The Douds' motion in limine is **<u>GRANTED IN PART AND DENIED IN PART</u>**. Yellow Cab is not permitted in this trial to re-litigate the Title III ADA claims that have already been determined by the court. The court has made this clear on several occasions, including its recent order denying the Douds' request for a status conference where the Douds' counsel indicated that she believed it was Yellow Cab's counsel's intent to do just that. (*See* order at ECF No. 140 stating "These issues *will not* be re-litigated at the upcoming trial which concerns only Mr. Doud's discrimination and retaliation claims under Title I of the ADA, and Mrs. Doud's claim that she was denied service by [Yellow Cab's] driver in violation of Nevada Revised Statute 706.366 when she was not permitted to travel in [Yellow Cab's] taxi with her service dogs.")

1  Nonetheless, Yellow Cab's argument that the motion is overly broad is well taken,
2 particularly where it is unclear exactly what evidence the Douds intend to present to give the
3 background of the Title III ADA claims in order to set up the facts necessary to establish
4 Mr. Douds' retaliatory termination claim. To address this issue, as the court indicated in its order
5 at ECF No. 140, the court intends to discuss at the pretrial conference a proposed statement to
6 the jury which briefly describes the facts as determined by the court relative to the ADA Title III
7 denial of service claims which will adequately set the stage for the claims to be tried. This should
8 alleviate Yellow Cab's concern that it should be able to present evidence to rebut any evidence
9 presented by the Douds as to the ADA Title III denial of service claims.  Again, this will be
10 discussed in detail at the pretrial conference on October 8, 2015.

**IT IS SO ORDERED**.

Dated: October 2, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE